District Court, E. D. Tennessee.
Dec. 15, 1939.

## DUARTE v. CHRISTIE SCOW CORPORATION.

District Court, S. D. New York.
March 14, 1939.

Abraham M. Fisch, of New York City, for plaintiff.

Barber, Matters, Gay & Vander Clute, of New York City, for defendant Christie Scow Corporation.

William C. Chanler, Corp. Counsel, of New York City (George Seagrave Franklin, of New York City, of counsel), for City of New York.

LEIBELL, District Judge.

Plaintiff's complaint is definitely brought as a "seaman" under the provisions of the Jones Act, Title 46 U.S. C.A. § 688. Both the summons and the complaint bear a statement to the right of the caption that this is a "seaman's action". Paragraph Twelfth claims certain rights and privileges under the various acts of Congress that are referred to in § 688, supra. But plaintiff's complaint shows on its face that plaintiff was never an employee of the defendant, Christie Scow Corporation, or of the impleaded defendant, the City of New York. At most plaintiff was either a trespasser or a volunteer at the time he was attempting to assist in tieing up one scow to another.

The City of New York was made a third-party defendant, on motion of the Christie Scow Corporation made as a third-party plaintiff under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, on the theory that the City of New York is or may be liable to Christie Scow Corporation or to the plaintiff for all or part of plaintiff's claim against the Christie Scow Corporation. A third-party complaint was served by Christie Scow Corporation upon the City of New York, pursuant to an order of this Court dated January 25th, 1939.

The City of New York now moves under Rule 12(b) (6) of the Federal Rules of Civil Procedure for a dismissal of plaintiff's complaint and of the third-party plaintiff's complaint for "failure to state a claim upon which relief can be granted".

I am of the opinion that the motion should be granted. The plaintiff's complaint is defective on its face. It fails to state a claim upon which relief can be granted. Plaintiff was not a seaman. No contractual relationship of employer and employee existed between either plaintiff and Christie Scow Corporation or between plaintiff and The City of New York, so that plaintiff could not have suffered his injuries in the course of such employment. The case of Buffalo & Grand Island Ferry Co. v. Williams, 2 Cir., 25 F.2d 612, is in point.

Plaintiff's complaint and the Christie Scow Corporation's third-party complaint are both dismissed as against the City of New York. If the Christie Scow Corporation desired a dismissal of plaintiff's complaint as against it, it could have made a separate motion to that effect at the proper time. It may still make a motion for judgment on the pleadings under Rule 12 (c and h) of the Federal Rules of Civil Procedure.

Submit order on notice.