**HEITMAN et al. v. DAVIS et al.**

**No. 7480.**

Circuit Court of Appeals, Seventh Circuit.

May 12, 1941.

---

John W. Lyddick, of Gary, Ind., and Glenn D. Peters, of Hammond, Ind., for appellants.

John M. Stinson and Frederick C. Crumpacker, both of Hammond, Ind., for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This action was instituted by the receiver of the First National Bank in Lowell, Indiana, whom the Comptroller of the Currency had appointed upon finding the bank insolvent. That receiver, succeeded by the present appellant receiver, sought to recover the assessment which the comptroller had levied upon the stock in the bank, of which 194 shares were owned by the appellees out of a total authorized issue of $50,000. These stockholders filed a cross-complaint, in which they joined Lowell National Bank as defendant. In that pleading appellees alleged in substance that the receiver should not recover against them because an accounting would show that nothing was due the Lowell National Bank, which they asserted to be the sole creditor of the First National Bank. No charges of fraud were made. Having overruled appellants' demurrers and motions to strike, the court determined the issue raised by the cross-complaint before it rendered judgment upon the receiver's complaint.

The principal question raised in the accounting was whether the Lowell National Bank had the right to charge interest on its advances to the First National Bank. The District Court rendered judgment to the effect that the receiver take nothing by his complaint and that the Lowell National Bank had been overpaid in the amount of $7,531.16, which should be repaid by it to the receiver with interest at 6% from October 1, 1938, and that the Lowell National Bank should transfer to the receiver all unliquidated assets of the First National Bank. From that judgment this appeal is prosecuted by both the receiver and the Lowell National Bank.

The error relied upon by the receiver is the overruling of his demurrer and his motion to strike. The Lowell National Bank contends that the court erred in its findings of fact and its conclusions of law which were adverse to that bank.

The original complaint was filed April 3, 1935, and the Lowell National Bank was brought into the case on October 4, 1935. Its answer was filed on March 30, 1939, and the case was tried in the following December.

At the trial, appellees did not deny that they were stockholders and liable as such for any unpaid indebtedness of the First National Bank; that the receiver was regularly appointed and qualified; and that the Comptroller of the Currency had levied the stock assessments before the commencement of the action. The accounting with the Lowell National Bank involved the sole issue of fact of whether the First National Bank was indebted to the Lowell National Bank.

The facts necessary for our consideration are as follows: On March 15, 1930, the First National Bank, then threatened with failure, transferred its assets to the Lowell National Bank under a written contract by which the Lowell National Bank assumed the indebtedness of the transferring bank and agreed to liquidate it. At a pre-trial conference on April 7, 1939, the parties stipulated that the liquidation had been completed, except for certain assets in the amount of $19,419.73, which the Lowell National Bank had been unable to liquidate and were then held as undisposed of assets. A statement of the liquidating account as of October 1, 1938, was attached to the stipulation. It was further stipulated that in the account the Lowell National Bank had charged interest on the indebtedness assumed at the rate of 6% per annum, and that the balance claimed to be due in the liquidation, arose solely because of those interest charges. In this respect, the stipulation recited, "The total interest charges so made, as appears from the statement Exhibit 'C' (October 1, 1938) are $21,541.-10. The balance which the Lowell National Bank claims is now due it under said liquidation arises because of said interest charges in the Liability Account. If said interest charges are eliminated from said Account there is nothing due the Lowell National Bank and it has collected $4,781.-16 in excess of the total indebtedness assumed by it under said liquidation agreement."

Appellees successfully contended in the lower court that whether the interest referred to was a proper charge, was to be determined from the language of the contract of liquidation. On the other hand, appellants contended that the stockholders ratified the charge of interest, and that it was proper for the court on this subject to consider oral evidence as to the meaning of the contract.

■■ It is unnecessary for us to decide the issues attempted to be raised by appellees' cross-claim. It constituted a collateral attack upon the determination of the comptroller that the assessment was necessary, and this has been held not permissible by a long line of decisions. Kennedy v. Gibson, 8 Wall. 498, 75 U.S. 498, 19 L.Ed. 476; Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168; Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999. Even if the attack were direct in its character it could not be maintained here, for it seems that fraud on the part of the comptroller is the only ground upon which his determination may be attacked successfully, and that fact was neither charged nor proved by appellees. The reasons for these rulings are fully set forth in the cases just cited, and it is unnecessary to repeat them. Appellees, in contending otherwise, rely upon Moss v. Whitzel, C.C., 108 F. 579, and other somewhat analogous cases from circuit and district courts. These, however, are negligible in number and of course can have no weight as against the consistent line of Supreme Court decisions cited in the cases to which we have made reference.

■ It would not be fair, however, to say that appellees as a general proposition contend otherwise. Their contention is that the decisions we have referred to have been rendered inapplicable to the facts here presented by reason of Rule 14(a) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c.[1]

This rule sets forth the conditions upon which a defendant will be permitted to implead a third-party defendant who was not a party to the original action. It describes with particularity the character of the impleaded party as one "who is or may be liable to him (the impleader) or to the plaintiff for all or part of the plaintiff's claim against him (the impleader)." It is obvious that the impleaded Lowell National Bank was not such a party. Plaintiff's claim sought to recover the comptroller's assessment against the stockholding defendants of the First National. None of that stock was owned by the Lowell National, and it is not claimed that the Lowell National was liable to either plaintiff or the defendants for any part of the assessment. Appellees' cross-bill was based upon a controversy between them and the Lowell National Bank, in which neither the receiver nor the comptroller was immediately interested, except as it might be considered by the comptroller, together with all other pertinent facts, in exercising his sound discretion in making the assessment. If the interest charge of Lowell National was invalid, of course the assessment would be unnecessary; if the interest charge was a valid one, the assessment would be necessary. Here was a bona fide legal and factual controversy which the comptroller had no power to decide finally. He merely exercised the authority conferred by Congress, and the courts have no power to

---

[1] "Rule 14. Third-Party Practice.

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move *ex parte* or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

question his judgment with respect to either the time of the assessment or the amount, nor should he be delayed by extraneous litigation, in the absence of fraud, in the performance of his duties. If it be later determined that the interest charge of Lowell National is invalid, the assessments will no doubt be returned to appellees. In such case, of course, it will be unfortunate that expenses will have accrued, but we think any other procedure would be in violation of the Congressional intention as expressed in the National Bank Act, and the Rules of Civil Procedure.

For the reasons stated we think the District Court erred in overruling plaintiff's demurrer to, and motion to strike, appellees' cross complaint. We intimate no opinion as to the District Court's ruling on the merits of the issues raised by that pleading.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.