**FALCONE v. CITY OF NEW YORK (WILLIAMS–BAUER CORPORATION, Third-Party Defendant).**

No. C–1805.

District Court, E. D. New York.

Sept. 24, 1941.

Louis Rothbard, of Brooklyn, N. Y., for plaintiff.

William C. Chanler, Corp. Counsel, of New York City (Alfred T. White, of New York City, of counsel), for defendant City of New York.

Emanuel Tacker, of New York City, for third-party Williams-Bauer Corporation.

MOSCOWITZ, District Judge.

This is a motion made by Williams-Bauer Corporation, third-party defendant, for an order vacating and setting aside an order made by one of the Judges of this Court, dated August 6, 1941, and setting aside and dismissing the supplemental summons obtained by the City of New York, and dismissing the cross-complaint of the City of New York, on the following grounds:

"1. That prior to the granting of the said order of August 6, 1941, herein, this action had been previously abandoned by the plaintiff herein, Samuel Falcone, and by the defendant herein, City of New York.

"2. That the first assertion of cross-claim by the City of New York against Williams-Bauer Corporation was in said Supreme Court action and the City of New York elected to assert its claim against Williams-Bauer Corporation in the said Supreme Court action, securing an impleader order therein, and the motion by Williams-Bauer Corporation to vacate the impleader order in the said Supreme Court action is still pending and undetermined.

"3. That in obtaining said order of August 6, 1941, herein, the defendant, City of New York, failed to disclose to the court that, after this action had been commenced, and after the City of New York had appeared in this action, the plaintiff herein, Samuel Falcone, with the knowledge and consent of the City of New York, commenced a different and separate action in the Supreme Court of the State of New York, Queens County, in which action, the present defendant, The City of New York, appeared therein as party defendant and that in the said New York Supreme Court action the defendant, City of New York had obtained an order impleading Williams-Bauer Corporation as a party defendant, all of which were based upon the same cause of action set forth in the complaint in the present cause of action and in the cross-complaint of the defendant, City of New York, in the present cause of action.

"4. That the defendant City of New York did not move promptly but moved late in securing said order of August 6, 1941, and is guilty of laches and lack of good faith.

"5. That defendant City of New York is not entitled to the favor of the court for the reason that said defendant City of New York has jockeyed the case between the Federal Court and the State Court and obtained said order of August 6, 1941, ex parte, without disclosing all of the pertinent facts to the court.

"6. That the action taken by the City of New York in securing said order of August 6, 1941, has created confusion with respect to determination of the claim, if any, of the plaintiff, and the cross-complaint, if any, of defendant City of New York, has resulted in harassment of Williams-Bauer Corporation as a third-party, has increased the expense of all parties herein, and that Williams-Bauer Corporation is now compelled to take legal steps in two suits instead of one, resulting in a multiplicity of suits rather than in an avoidance of multiplicity."

■ The procedure adopted by the third-party defendant in making a motion to vacate the order bringing in the third-party defendant is the proper one. See Holtzoff, New Federal Procedure and the Courts at page 50, wherein it is stated: "If any party desires to test the propriety of an order permitting a third-party to be brought in, the proper procedure is to move to vacate such order. Satink v. Holland, D.[C.]N.J., 28 F.Supp. 67. The third-party defendant has the same standing to make motions and assert defenses as the original defendant. Thus, he may move to dismiss both the original complaint and the third-party complaint. Duarte v. Christie Scow Corp. [D.C.] S.D.N.Y., 27 F.Supp. 894."

This action was brought to recover damages for personal injuries sustained by plaintiff while employed by the third-party defendant in picking and removing material from a garbage dump. Plaintiff, while under the direction and control of the third-party defendant, was working in a place where trucks of the Sanitation Department of the City of New York were dumping materials. While so engaged a City of New York truck backed up striking the plaintiff, as a result of which plaintiff was injured.

■ The third-party defendant entered into a contract with the City of New York for the purpose of reclaiming and removing from certain Sanitation Department land fills such articles and materials (except ashes and garbage) as the contractor might desire. It appears from the affidavit of Assistant Corporation Counsel Frank J. Horan, Esq., that Section R of the contract provides: "(R) The Contractor, during the performance of this Contract, shall take all necessary precautions and place the proper guards to prevent accidents and nuisances, or injuries to the person or property of another, and he shall indemnify and save harmless The City from all suits or actions, liabilities and damages or costs of every name and description to which The City may be subjected or put by reason of injury to the person or property of another resulting from negligence or carelessness, or from nuisances caused by the Contractor, his servants, agents or employees in the performance of the work under this Contract, or because of defects in his appliances, apparatus, machinery or equipment or because of the use, violation or infringement of any patent or patent rights or patented articles, appliances or machinery, utilized by the Contractor in the performance of the work, or by or on account of any act or omission of the Contractor, his servants, agents or employees, and from all claims for salvage, and the whole or so much of the moneys or securities deposited by the Contractor under this Contract as shall or may be considered necessary by the Comptroller of The City, shall or may be retained by for damages shall have been settled or otherwise disposed of, and evidence of that effect furnished to the satisfaction of the Comptroller".

It appears from the contract that the third-party defendant is responsible over to the City of New York for any recovery made by the plaintiff against the City of New York, therefore the bringing in of the third-party defendant was proper.

This action was brought by the service of a summons and complaint on the City of New York on January 29, 1941. On February 14, 1941, the attorneys for the plaintiff and the City of New York stipulated to extend the time of the City of New York to answer for twenty days. On March 10, 1941, a further stipulation was made by which the time of the defendant the City of New York to answer was extended for an additional ten days. On March 19, 1941, the City of New York moved for a bill of particulars. The bill of particulars was served by the plaintiff on August 4, 1941.

Plaintiff began an action in the Supreme Court of the State of New York on May 5, 1941. The action was between the same parties and upon the same cause of action as in this Court. On June 19, 1941, the City of New York, in the State Court action, procured an order impleading Williams-Bauer Corporation as a party defendant on the ground of liability over.

On August 6, 1941, this being two days after the City of New York had received the plaintiff's bill of particulars advising the City of New York of the nature of plaintiff's claim, it procured the order of August 6, 1941, bringing in the third-party defendant which is now sought to be vacated. The answer, supplemental summons and third-party complaint were served on August 8, 1941.

90

■ It is not a ground to vacate the order that the actions in this Court and in the State Court are between the same parties and for the same relief. It is no defense in this Court that an action is pending in the State Court or in another Federal Court between the same parties for the same relief. It is most unfortunate as it encourages litigation and congests the calendars of the Court. However, the remedy is not with the Court but with the Congress.

■ The fact that the City of New York procured an order from the State Court impleading the Williams-Bauer Corporation as a party defendant in that action did not bar it from invoking the third party practice in this Court under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The third-party defendant seeks to vacate the order bringing it in as a third-party defendant under Rule 14 upon the ground that such order was an abuse of discretion. That argument is untenable. Certainly, if the third-party defendant is liable over to the defendant City of New York, it is quite proper to bring the third-party defendant as a party in this action. The purpose of the third party practice was to permit a defendant to bring in a person liable to it so that there could be an expeditious disposition of the case and a settlement of the controversies existing between the parties in the one action.

■ To grant the third party's motion would be placing an unwarranted construction on Rule 14. Rule 14 does not seem to make it a matter of discretion to bring in a third party but a matter of absolute right when the facts warrant it. Rule 14 states "When Defendant *May* Bring in Third Party", that means that the defendant is not required to bring in a third party but *may* at his option do so. (Italics mine.) There is no discretion vested in the Court to deny such an application when the facts warrant it and, of course, the Court could not properly deny such an application because an action is pending in another Court between the same parties for the same relief. The third-party practice is comprehensibly and adequately discussed in Holtzoff, New Federal Procedure and the Courts, pages 46 to 50, as follows:

"While third-party practice is an innovation in Federal civil procedure, it has been well known in admiralty for many years. Some years ago, it was introduced in England in connection with civil cases and has more recently been adopted by a number of the Code States. Federal courts sitting in such States naturally have permitted third-party practice to be invoked in actions at law in accordance with the Conformity Act [28 U.S.C.A. § 724].

"Rule 14 of the new Federal Rules of Civil Procedure makes third-party practice an inherent part of Federal civil procedure [28 U.S.C.A. following section 723c]. Its purpose is to permit a defendant to bring in a third party who is liable on the same claim or who is subject to a liability arising out of the claim on which the suit is based. The procedure to be followed is for the defendant to secure an order of the court for leave, as a third-party plaintiff, to serve a third-party summons and a third-party complaint upon the person proposed to be brought in as a third-party defendant.

"The scope of third-party practice under the new Rules is exceedingly broad. It may be invoked against a party who is liable to the defendant for all or a part of the plaintiff's claim, as, for instance, in a case in which the third party is liable for contribution or indemnification or as an insurer of the defendant's liability. Tullgren v. Jasper, D.[C.]Md., 27 F.Supp. 413; Crum v. Appalachian Electric Power Co. [D.C.]S.D.W.Va., 29 F. Supp. 90. It is also proper in cases in which the proposed third-party defendant is not liable over to the original defendant but is liable directly to the plaintiff on the same claim. Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F. Supp. 715; Satink v. Holland, D.[C.]N.J., 28 F.Supp. 67. In this connection, it should be observed that it is immaterial that the liability of the third-party defendant may be based on a different contract than the agreement existing between the plaintiff and the original defendant, if the liability arises out of substantially the same state of facts. Kravas v. Great Atlantic & Pacific Tea Co. [D.C.] W.D.Pa., 28 F.Supp. 66. As the practice is necessarily flexible, it is permissible to maintain the third-party complaint jointly as against the third-party defendant and the original plaintiff. Dewey & Almy

Chemical Co. v. Johnson, Drake & Piper, [D.C.]E.D.N.Y., 25 F.Supp. 1021. The United States is subject to being brought in as a third-party defendant in respect to any claim on which it is originally suable. United States v. American Surety Co. of New York [D.C.]E.D.N.Y., 25 F. Supp. 700.

"If the third-party defendant is not liable over to the original defendant but is only directly liable to the original plaintiff, it becomes necessary for the original plaintiff to amend his complaint after the third party is brought in so as to assert his claim against such third party. The question has been asked but not answered as to what happens if the plaintiff, under such circumstances, declines to amend his claim and refuses to assert his complaint against the third-party defendant. Crim v. Lumbermens Mut. Casualty Co., D.C., supra.

"Another important question in connection with third-party practice is that of jurisdiction, namely, whether a separate ground of Federal jurisdiction · is necessary as between the original defendant and the third-party defendant in order to maintain the third-party proceeding, or whether it is sufficient that there be Federal jurisdiction as between the original parties to the action. For example, if the basis for Federal jurisdiction between the original parties is diversity of citizenship, must there likewise be a diversity of citizenship as between the defendant and the third-party defendant or does it suffice that such a diversity of citizenship exists as between the plaintiff and the original defendant? The answer to this inquiry would seem, in turn, to be dependent on whether the third-party proceeding is regarded as ancillary or auxiliary to the main action or whether it is to be deemed an independent suit. The better and prevailing view seems to be that the third-party proceeding is to be regarded as ancillary and, therefore, that a separate ground for Federal jurisdiction is not necessary in order to permit the third-party proceeding to be maintained. Crum v. Appalachian Electric Power Co. [D.C.]S.D.W. Va., 27 F.Supp. 138; [Id., D.C.] 29 F.

Supp. 90; Bossard v. McGwinn [D.C.] W.D.Pa., 27 F.Supp. 412; Kravas v. Great Atlantic & Pacific Tea Co. [D.C.]W.D.Pa., supra; Tullgren v. Jasper, D.[C.]Md., supra; Satink v. Holland, D.[C.]N.J., supra; Morrell v. United Air Lines Transport Corp. [D.C.]S.D.N.Y., 29 · F.Supp. 757; Schram v. Roney, [D.C.]E.D.Mich., 30 F.Supp. 458. There is, however, a cleavage in the authorities on the question as to whether venue requirements must be met as between third party plaintiff and third party defendant, King v. Shepherd [D.C.]W.D.Ark., 26 F.Supp. 357; Lewis v. United Air Lines Transport Corp., D.[C.]Conn., 29 F.Supp. 112; Morrell v. [United Air Lines Transport Corp.] [D.C.]S.D.N.Y., 29 F.Supp. 757. This consummation is fortunate since the opposite rule would to a very large extent defeat the purposes of third-party practice. The object of such procedure is to make it possible to avoid circuity of action and to adjust in a single suit several phases of the same controversy as it affects the parties. Obviously, it would very frequently be the fact that there is diversity of citizenship as between the plaintiff and defendant, but that such diversity is lacking as between defendant and a third-party defendant. Consequently, it is to be hoped that it will become the definitive rule that a separate ground for Federal jurisdiction is not required as a basis for a third-party proceeding."

It would do violence to Rule 14 to hold that, because the defendant City of New York has exercised all of its legal remedies in the State Court action in bringing in the third-party defendant, it is deprived of the same right in this Court because another action is pending between the same parties for the same relief. Rule 14 is a very simple one and, among other things, it was intended to cover the situation presented in this case, that is, all parties in interest are before the Court at one time and their respective claims can be terminated in one trial and in one action, rather than make it necessary to have two or more actions to settle their disputes.

Motion denied in all respects.