## LAMPORT CO., Inc., v. TEPPER (SLUTZKER, Third-Party Defendant).

### No. 2339.

District Court, D. New Jersey.
April 7, 1943.

George H. Rosenstein, of Newark, N. J., for plaintiff.

Elias A. Kanter, of Newark, N. J., for third-party plaintiff.

Ralfe E. Lum, of Newark, N. J., for third-party defendant.

MEANEY, District Judge.

Plaintiff instituted suit against the defendant on a guaranty entered into between the plaintiff, defendant, and third party defendant. Plaintiff did not elect to sue the third party defendant, who is in court on the complaint filed against her by the defendant-third party plaintiff. Motion is made to vacate the order granting leave to the defendant-third party plaintiff to bring in the third party defendant on the ground that the complaint fails to state a cause of action.

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c, defendant may bring in a third party defendant "who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him". This rule authorizing defendant to bring in a third party is only a rule of procedure and does not change the substantive law. Thompson v. Cranston, D.C., 2 F.R.D. 270.

The rule does not confer a substantive right where none existed before. It sets forth a method of procedure, designed to prevent a multiplicity of actions where causes of action already exist. It becomes apparent, therefore, that the defendant-third party plaintiff, in order to invoke Rule 14, must, as a condition precedent thereto, state facts sufficient to constitute an existent cause of action.

The third party plaintiff herein incorporates by reference the original complaint of the plaintiff, and alleges that by virtue of the said complaint the defendant-third party plaintiff is entitled to recover from the third party defendant one-half of whatever may be recovered against the defendant-third party plaintiff. This is simply a complaint for contribution, without any allegation that payment has been made.

The contract, which is the basis of the complaint of the plaintiff against defendant, is one of indemnity against loss, not against liability, and the substantive right to contribution from the co-surety does not arise until after payment made.

It would appear that liability arises on an action for contribution only after payment. Williston on Contracts, Revised Edition, § 1278, page 3649. The right to contribution is inchoate from the date of the creation of the relation between the parties, but is not complete, so as to be enforceable, until there has been an actual payment in whole or in part of the common obligation or until something has been done equivalent to a discharge thereof. 18 C.J.S., Contribution, § 4, page 7.

To the same effect Southern Surety Co. v. Commercial Casualty Co., 3 Cir., 31 F.2d 817, at page 819. "It is a fundamental principle that in order to create a right of contribution, the plaintiffs must have been legally liable to pay, and must have actually paid under compulsion and obligation, that for which both plaintiffs and defendant were equally liable".

The defendant-third party plaintiff having failed to state a cause of action at this time, the motion will be granted.