## COMBS v. CONTINENTAL CASUALTY CO.
### (RINNERT et al., Third-Party Defendants).
### Civ. No. 5454.

District Court, N. D. Alabama, S. D.

Feb. 28, 1944.

J. T. Stokely, of Birmingham, Ala., for Mrs. J. B. Combs and others.

Leader, Hill & Tennenbaum, of Birmingham, Ala., for Continental Casualty Co.

Harvey Deramus, of Birmingham, Ala., for Aetna Casualty & Surety Co.

J. P. Mudd, of Birmingham, Ala., for General Accident Fire & Life Assur. Corporation.

James A. Simpson, of Birmingham, Ala.; for Carol Watt, Virginia Woodson, and Lucius Colmant, minors.

MURPHREE, District Judge.

This case is submitted on motions of General Accident Fire and Life Assurance Corporation to dismiss third-party actions against it by Continental Casualty Company and F. G. Rinnert, administrator of the estate of Fannie Huston Rinnert, F. C. Rinnert, individually, Mrs. Tom Hare, Tom Hare, Ann Rinnert and J. B. Combs, and the pleadings filed by the several parties which will be hereafter set out. The original plaintiff, Mrs. J. B. Combs, having secured judgment in the amount of $5,000 against Carol Watt, and two others, for injuries received in an automobile accident, filed a complaint in the Circuit Court of Jefferson County, Alabama, against the Continental Casualty Company to enforce payment of her judgment. The case was removed to this court. The Continental Casualty Company filed an answer and third-party complaint which was subsequently amended by two separate papers filed. These pleadings made General Accident Fire and Life Assurance Corporation and Aetna Casualty and Surety Company third-party defendants for. the purpose of compelling contribution or the apportionment and proration of liability between the three insurers. The third-party complaint

also made F. G. Rinnert, administrator of the estate of Fannie Huston Rinnert, deceased, F. G. Rinnert, individually, Mrs. Tom Hare, Tom Hare, Ann Rinnert, and J. B. Combs third-party defendants, on the theory that their judgments, as well as that of Mrs. J. B. Combs, constituted a part of and grew out of the same automobile accident and were thus so united in interest that an adjudication of their claims was necessary and proper in this same proceeding.

To support this allegation the third-party complaint alleges that Carol Watt, Lucius Colmant and Virginia Woodson, while operating three separate automobiles, were involved in a collision with a Ford car in which J. B. Combs et al. were riding. Judgments were rendered against all three in favor of Mrs. J. B. Combs for $5,000 and in favor of J. B. Combs for $2,500. Judgments were rendered against Lucius Colmant and Virginia Woodson in favor of F. G. Rinnert, administrator of the estate of Fannie Huston Rinnert, deceased, F. G. Rinnert, individually, Mrs. Tom Hare, Tom Hare, and Ann Rinnert in the total sum of $21,500.

Carol Watt was insured by the Continental Casualty Company for $20,000. Virginia Woodson was insured by the General Accident Fire and Life Assurance Corporation, and Lucius Colmant was insured by Aetna Casualty & Surety Company. These latter policies each provided for a limit of liability of $10,000 for any one accident.

Aetna Casualty & Surety Company filed an answer admitting liability of $10,000 which it paid into court and asked for a complete release from all further liability.

The third-party defendants, F. G. Rinnert, administrator of the estate of Fannie Huston Rinnert, deceased, F. G. Rinnert, individually, Mrs. Tom Hare, Tom Hare and Ann Rinnert filed a motion to require distribution of the money paid in by Aetna Casualty & Surety Company, which was granted, and thirty per cent (30%) of the principal of their judgments was paid to them by order of court.

The third-party defendants, F. G. Rinnert, administrator of the estate of Fannie Huston Rinnert, deceased, F. G. Rinnert, individually, Mrs. Tom Hare, Tom Hare, and Ann Rinnert, filed an answer to the third-party complaint of Continental Casualty Company denying that, under the law of Alabama, there is a right of contribution between joint tort-feasors, and

asserting that Mrs. J. B. Combs and J. B. Combs had the right to recover the full amount of their judgments from the Continental Casualty Company and the right to waive and forego recovery against the General Accident Fire and Life Assurance Corporation and Aetna Casualty & Surety Company. These third-party defendants also set up as a cross-action the demand that General Accident Fire and Life Assurance Corporation be required to pay the full amount of its policy liability of $10,000 into court and that this amount, when so paid in, be prorated to their respective judgments.

J. B. Combs filed answer to the third-party complaint of Continental Casualty Company claiming the right to collect his and Mrs. J. B. Combs' judgment in full from Continental Casualty Company and expressly waiving and foregoing recovery from Aetna Casualty & Surety Company or General Accident Fire and Life Assurance Corporation. He likewise demanded that Continental Casualty Company be required to pay into court the full amount of both judgments, with interest and costs.

General Accident Fire and Life Assurance Corporation filed a motion to dismiss the third-party complaint of Continental Casualty Company on numerous grounds setting up, among other defenses, that Continental Casualty Company is not entitled to contribution from it since, under the law of Alabama, one joint tort-feasor is not entitled to contribution from another. General Accident Fire and Life Assurance Corporation likewise filed a motion to dismiss the third-party action of F. G. Rinnert, administrator of the estate of Fannie Huston Rinnert, deceased, F. G. Rinnert, individually, Mrs. Tom Hare, Tom Hare, and Ann Rinnert, on numerous grounds, among which were the following:

"6. For that it affirmatively appears that these so-called third-party complainants were not parties to the original suit, nor was this movent a party to the original suit.

"7. For that it affirmatively appears that neither this movent nor the so-called third-party defendants were party to the original suit.

"8. For that these so-called third-party defendants do not claim that this movent is liable either to the original plaintiff in this cause or to the original defendant in this cause.

"9. For that it affirmatively appears that these so-called third-party defendants admit that this movent is not liable to the original defendant in this cause, and it further appears that the original plaintiff in this said cause does not claim that there is liability on the part of this movent to her (the plaintiff)."

These matters present to this court the following questions:

1. May Continental Casualty Company when sued by a judgment creditor of Carol Watt to enforce payment of its policy contracting to pay such judgment, defeat or reduce its liability by setting up that other companies, insuring joint tort-feasors of Carol Watt, should be required to contribute a pro-rata part of the liability?

2. Is one insurer of a joint tort-feasor entitled to contribution from insurers of other joint tort-feasors?

3. Do the rules of civil procedure permit the maintaining of the cross-action of F. G. Rinnert, administrator of the estate of Fannie Huston Rinnert, deceased, F. G. Rinnert, individually, Mrs. Tom Hare, Tom Hare, Ann Rinnert and J. B. Combs in spite of the dismissal of the third-party complaint of Continental Casualty Company on the motion to dismiss filed by General Accident Fire and Life Assurance Corporation, the rights of the various parties being related?

The first two questions may be answered by these propositions.

■ The case of Gobble v. Bradford, 226 Ala. 517, 147 So. 619, involved an insurance carrier. Contribution was denied to it although it was in no sense an actual tort-feasor and its liability arose entirely because of the insurance contract. This case has been generally cited and accepted as authority for denying right of contribution between tort-feasors guilty of simple negligence only in decisions of other states. The court has been cited to and has been able to find no subsequent authority on the direct point in Alabama, unless the reference in Alabama Power Company v. Curry, 228 Ala. 444, 153 So. 634, can be so construed. The last paragraph of the opinion in the case of Gobble v. Bradford, supra, may have the effect of limiting the scope of the decision considerably. However, it seems safe to say that it is an authority for the proposition that under the law of Alabama one joint tort-feasor may not compel contribution from another joint tort-feasor under the circumstances found in the case at bar.

This court is not concerned with the sociological effects of such a decision. Such matters are properly addressed to the legislature. Whether it is better or not to allow contribution between insurers of persons guilty of only simple negligence, or for any form of negligence or wrong, should not be the concern of the courts engaged in declaring existing law. It is furthermore a very debatable question. Anyone interested in it would find the studies of Professor Felming James, Jr., of the Yale Law School and Professor Charles Gregory of the University of Chicago Law School, found in Volume 54, Harvard Law Review, beginning on page 1156, very interesting and informative.

■ The Continental Casualty Company has not actually paid the judgments of J. B. Combs and Mrs. J. B. Combs. Since under the accepted rule of subrogation it does not succeed to the rights of Carol Watt, one of the tort-feasors against whom the judgment was obtained, until it has done so, it is difficult to see how it can claim subrogation to her right to contribution. The right to demand contribution would not come into existence or become alive until it was subrogated, and it would not become subrogated until it had paid the judgment. Lamport Co., Inc., v. Tepper, 3 F.R.D. 49. There is some intimation in some of the authorities, for example, Gray v. Hartford Accident & Indemnity Company, D.C., 31 F.Supp. 299, that under Rules 13 and 14, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, that it can do so in a third-party proceeding such as the Continental Casualty Company has brought in this case. Since under the law of Alabama there is no right of contribution, the court need make no ruling on this point.

■ If the third-party proceeding is dismissed as to General Accident Fire and Life Assurance Corporation, what becomes of the parallel and collateral proceedings of F. G. Rinnert et al. against General Accident? May the General Accident be made to respond to the collateral suits of F. G. Rinnert et al? A reading of Rule 14, Rules of Civil Procedure, suffices to answer this question in the negative. None of these parties, except J. B. Combs, is liable to or has a claim against either of the original parties to the suit.

Under Rule 14, a defendant is entitled to implead a third person "not a party to the action who is or may be liable to him or to

510

the plaintiff for all or part of the plaintiff's claim against him."

In the case of United States v. Jollimore et al., D.C., 2 F.R.D. 148, the court dismissed the third-party proceedings, saying:

"The United States sues the defendants as makers of a note of which it has become a holder. The defendants seek to join as third-party defendant the original payee of the note, against whom they assert a claim of damages for breach of warranty of the quality of the article for which the note was given.

"It is clear that no liability of the third-party defendant exists on this note to the plaintiff. The note is overdue and no protest appears to have been made. Any liability of the third-party defendant to the defendants is independent of the assertions of the claim of the United States and would, therefore, appear not to be a liability 'for all or part of the plaintiff's claim against him.' To allow the impleading of this third-party defendant would be to introduce a new and separate controversy into these proceedings."

In John N. Price & Sons v. Maryland Casualty Co., D.C., 2 F.R.D. 408, 410, the court likewise denied the right to bring in collateral proceedings.

"The third party complaint, which appears to be in the nature of a bill in equity, fails to state, either on behalf of the original plaintiff or on behalf of the defendant, third party plaintiff, a cause of action against any of the subcontractors or materialmen thus impleaded, who are directed, under the prayers of the complaint, to file their individual claims on the bond in this action; it clearly appears from the third party complaint that the said impleaded parties are not liable to either the original plaintiff or the defendant, third party plaintiff, but that the latter is, or may be, liable to them.

"The rule, by its express terms, limits the scope of its application. It may be invoked either against a party who is, or may be, liable to the defendant for all or part of the plaintiff's claim, Moreno v. United States et al., 1 Cir., 120 F.2d 128; Heitman et al. v. Davis et al., 7 Cir., 119 F.2d 975; Barnard-Curtiss Co. v. Maehl, 9 Cir., 117

F.2d 7; Crum v. Appalachian Elec. Power Co. et al., D.C., 29 F.Supp. 90; Tullgren v. Jasper et al., D.C., 27 F.Supp. 413; Falcone v. City of New York, D.C., 2 F.R.D. 87, or against a party who is, or may be, liable to the plaintiff for all or part of the said claim. Moreno v. United States et al.; Heitman et al. v. Davis et al.; Barnard-Curtiss Co. v. Maehl, all supra; Satink v. Holland Tp. et al., D.C., 31 F.Supp. 229; Id., D.C., 28 F. Supp. 67; Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66; Crim v. Lumbermens Mut. Casualty Co., D. C., 26 F.Supp. 715; Falcone v. City of New York, supra. See, also Holtzoff, New Federal Procedure and the Courts, pages 46 to 50; 53 Harv.L.Rev. 449; 40 Col.L.Rev. 148; 13 So. Calif. L.Rev. 466. It does not, however, permit the practice which has been followed here, i.e., the introduction into the main action of several parallel but independent actions. Moreno v. United States et al.; Heitman et al. v. Davis et al.; Barnard-Curtiss Co. v. Maehl, all supra; United States v. Jollimore et al., D.C., 2 F.R.D. 148."

Therefore, the motion of General Accident Fire and Life Assurance Corporation to dismiss the third-party proceeding as to it should be granted. The motion of General Accident Fire and Life Assurance Corporation to dismiss the cross-actions of F. G. Rinnert, administrator of the estate of Fannie Huston Rinnert, deceased, F. G. Rinnert, individually, Mrs. Tom Hare, Tom Hare, Ann Rinnert and J. B. Combs should be granted, and the said cross-actions should be dismissed and General Accident Fire and Life Assurance Corporation should be discharged from the proceeding.

The cross-action of J. B. Combs against Continental Casualty Company should be allowed. Although, in this case, the policy of the Continental Casualty Company provides for a liability of $20,000, and the judgments of Mrs. J. B. Combs and J. B. Combs aggregate the principal sum of $7,500, yet the liability of the Continental Casualty Company is limited and, therefore, each has an interest in the recovery of the other from the insurer. Furthermore, no question has been raised by the parties and the court clearly has jurisdiction.

Proper orders will be entered.