### REESE v. AKERS MOTOR LINES, Inc. (NEWMAN et al., Third-Party Defendants).

Civil Action No. 3094.

District Court, N. D. Georgia, Atlanta Division.

Nov. 3, 1947.

Neely, Marshall & Greene, of Atlanta, Ga., for plaintiff.

M. Neil Andrews and A. Walton Nall, both of Atlanta, Ga., for defendant and third-party plaintiff.

John T. Dennis, of Atlanta, Ga., for third-party defendants.

UNDERWOOD, District Judge.

Plaintiff instituted action for damages in the Superior Court of Fulton County, Georgia, against Akers Motor Lines, Inc., arising out of a collision between an automobile which plaintiff was driving and a certain trailer-truck operated by Garland Warren, allegedly owned by defendant and driven by Warren in the scope of his employment as its agent and servant.

Akers Motor Lines, Inc., caused the action to be removed to this Court and thereafter petitioned for leave to serve a summons and third-party complaint upon R. S. Newman and Garland Warren, setting forth that the trailer-truck was actually owned by R. S. Newman and operated by Garland Warren either upon a purely personal mission or within the scope of his

employment with said Newman. Akers Motor Lines, Inc., further alleges that it neither owned the equipment in question nor employed the said Garland Warren at the time of the occurrence and was not responsible for the injuries suffered by plaintiff, but if plaintiff is entitled to recover at all, such recovery should be had·from R. S. Newman and Garland Warren.

Third-party defendants, R. S. Newman and Garland Warren, have duly moved to strike and dismiss the complaint of Akers Motor Lines, Inc., as third-party plaintiff upon the grounds that: (1) third-party plaintiff is not entitled to relief sought; (2) no cause of action is stated against the third-party defendants; and (3) they are not proper third-party defendants in said cause. This motion came on for hearing in open court and was duly argued by counsel. A rehearing was directed inasmuch as the citizenship of plaintiff and the third-party defendants did not clearly appear from the pleadings. On the rehearing, an amendment was offered and allowed setting up that third-party defendants and the original plaintiff were residents of Coweta County, Georgia.

Thus it appears that defendant, Akers Motor Lines, Inc., seeks to force plaintiff and third-party defendants, all residents of Georgia, to litigate, over their opposition, in a District Court of the United States, questions over which there is no independent ground of federal jurisdiction, predicating its right to do so upon the provisions of Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The question of the jurisdiction of this Court must first be considered. "The question of federal jurisdiction is ever present and self-asserting," and "the court must of its own motion and even against the consent or the protest of parties consider it." Schell v. Food Machinery Corporation, 5 Cir., 87 F.2d 385, 387, certiorari denied 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883.

There is conflict among the courts with respect to the application of the Rules of Civil Procedure relating to the joinder of third-party defendants. Some cases hold that third-party complaint practice does not extend venue or affect the jurisdictional requirement of diversity of citizenship. These cases rely upon Rule 82 which provides as follows: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States ,or the venue of actions therein." Other cases adopt a rule contrary to the principles set forth in the first mentioned cases. These cases hold that the third-party claim does not need independent jurisdictional grounds for support, as the claim is only ancillary to the primary claim.

It is urged that Williams v. Keyes, 5 Cir., 125 F.2d 208, certiorari denied 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768, supports the third-party complaint in the instant case. It will be noted, however, that the Court was there dealing not with a tort action, but a suit on a fidelity bond where the third-party defendants were ·the principal obligors and the defendant-third-party plaintiff surety thereon, so there was necessarily a common liability to the plaintiff and a right of action of the surety over against the principals.

■ The Court of Appeals for the Second Circuit thus states the question and its answer. "May a defendant cause a third party to be brought into a federal civil action under Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A. following section 723c, to answer, along with it, to the plaintiff's claim, where the plaintiff and such party are citizens of the same state and federal jurisdiction does not otherwise appear? That is the issue squarely presented here, and we think it must be answered in the negative. Notwithstanding the undoubted convenience of extensive joinder in cases such as this, we must observe the established boundaries of federal jurisdiction, which the rules do not enlarge. F.R. 82." Friend v. Middle Atlantic Transportation Co., 2 Cir., 153 F.2d 778, 779, certiorari denied 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635.

■ In the case at bar, the third-party plaintiff does not allege a joint liability with third-party defendants or a right of action over against them, but denies it had any connection whatever with·the transac-

684

tions alleged in the complaint and assert that third-party defendants, if any one, are solely liable. In other words, it simply asserts that the original plaintiff has sued the wrong person and that she should have brought the action against third-party defendants alone. It would seem, therefore, from the third-party complaint, that claims of the original plaintiff against third-party plaintiff and third-party defendant, if any, would be separate and distinct actions and not in any respect ancillary to each other. The third-party complaint does not present a joint tort, but the separate and sole tort of third-party defendants. To permit third-party plaintiff to bring in third-party defendants in this case, jurisdiction of which is based solely on diversity of citizenship, would be to allow it to force citizens of the same state to sue each other in the Federal Court against their will and at the·behest of a party who has no interest in their controversy. Such practice could also afford an easy method of fraudulent misjoinders.

█ As well said in Baltimore & Ohio Railroad Co. v. Saunders, 4 Cir., 159 F.2d 481, 484, "It may be appropriate in many cases to treat the bringing in of third party defendants as ancillary to the main action, but not where its effect is to change the cause of action as asserted, or to substitute another cause of action for it, so as to require plaintiff, against his will, to litigate against the third party.defendants an alleged tort liability which plaintiff has not asserted in his complaint." I concur in this statement of the law and do not consider it in conflict with Williams v· Keyes, supra. It is one thing to bring in as a third-party defendant one jointly liable to the original plaintiff or liable over to the third-party plaintiff, and quite another to bring in as a third-party defendant one neither jointly liable with the original defendant or liable over to him.

This court does not have jurisdiction of the third-party complaint or the third-party defendants.

Whereupon, it is considered, ordered and adjudged that the third-party complaint heretofore filed by Akers Motor Lines, Inc., defendant, against R. S. New-

man and Garland Warren as third-party defendants be, and same hereby is, dismissed.