**LENTER v. HENSLEY et al.**

No. 783.

United States District Court
W. D. Missouri, S. D.
Nov. 15, 1948.

Mann & Mann and C. Wallace Walter, all of Springfield, Mo., and Shifrin & Shifrin, of St. Louis, Mo., for plaintiff.

A. P. Stone, of Springfield, Mo., for defendants.

Edwin C. Haseltine, of Springfield, Mo., for third party defendant.

REEVES, District Judge.

Upon the application of the defendants an order was made on July 22d last permitting the summonsing of named parties as third party defendants. Whether the third party complaint was submitted in connection with said application is not now recalled. However, the third party complaint contained averments that the "said third party defendants were and are liable for the negligence, carelessness and recklessness of said Emanuel Lenter in the operation of said jeep at the time and place mentioned in plaintiff's complaint."

From the complaint it is discerned that Emanuel Lenter appears as the next friend for Harvey Lenter, the minor complainant. In the complaint it is charged that the negligence of the defendants caused damages to Harvey Lenter, the minor plaintiff, who was, at the time of the accident, "a guest and passenger in a jeep" and which jeep was being then driven by Emanuel Lenter.

In the third party complaint it is further alleged that Emanuel Lenter was a copartner of the third party defendants and that he was engaged in business on behalf of the partnership and that it was his negligence that caused the accident.

The answer of the defendants contains practically the same averments as those of the third party complaint. In said answer it is averred that:

" * * * said Emanuel Lenter was driving and operating said jeep, in which plaintiff was riding, in the course and scope of the business of said partnership, Chimes Ice Cream Company, with the knowledge and consent of his co-partners; and, aver that said co-partners in Chimes Ice Cream Company were and are liable for the negligence, carelessness and recklessness of said Emanuel Lenter in the operation of said jeep at the time and place mentioned in plaintiff's complaint."

This was followed by averments that at the time and place mentioned, " * * * said Emanuel Lenter, who was then and there acting as a partner and agent of Benjamin Rubenfaer, Samuel Rubenfaer and Isaac Smolnik, as aforesaid, negligently, carelessly and recklessly drove said jeep, in which plaintiff was riding, into and against the Chevrolet truck owned by defendant Hensley, and then being driven by defendant Quesenberry, and negligently, carelessly and recklessly caused or permitted said jeep to run from the traveled portion of said U. S. Highway No. 66 into the ditch on the left-hand or South side of said highway." Other averments need not to be set out.

1. It appears from the foregoing that the plaintiff instituted his action against the defendants upon the specific ground, "that the defendants so negligently, carelessly and recklessly managed and operated said truck as to cause said truck to run into and strike the trailer and a jeep in which the plaintiff was a passenger, pulling the said jeep and trailer to the south or its left side of said highway and upsetting and damaging said jeep and trailer."

The defendants, however, have introduced into their third party complaint an entirely new action. They plead that the sole responsibility for the collision and accident was upon the driver of the jeep, namely, Emanuel Lenter, who, as they say, was acting as agent for the third party defendants.

2. The exact point was well ruled by the Fourth Circuit Court of Appeals in the Baltimore & Ohio R. Co. v. Saunders, 159 F.2d 481, loc. cit. 484, where Judge Parker said:

"It may be appropriate in many cases to treat the bringing in of third party defendants as ancillary to the main action, but not where its effect is to change the cause of action as asserted, or to substitute another cause of action for it, so as to require plaintiff, against his will, to litigate against the third party defendants an alleged tort liability which plaintiff has not asserted in his complaint. While there is conflict in the decisions, the weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue."

This is precisely the situation in this case. The plaintiff alleges negligence on the part of the defendants and that because of their negligence he suffered specified injuries. The defendants in turn say that they were not negligent but that the negligence which caused the injuries accruing to the plaintiff was solely caused by the third party defendants.

3. The courts have been somewhat confused as to the ancillary nature of third party complaints. The third party complaint appears to be merely ancillary in those cases where the defendants assert an alleged right of contribution against third party defendants. And under such circumstances the third party suit becomes merely ancillary to the main action and presupposes that the latter has met the jurisdictional diversity requirements, and, as said by the text writers,

" 'Obviously a mere broadening of the content of a single federal action must not be confused with the extension of federal power.' " See Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841, loc. cit. 845; also Moncrief v. Pennsylvania R. Co., D.C., 73 F.Supp. 815; Reese v. Akers Motor Lines, D.C., 7 F.R.D. 682. Practically all of these cases accept the doctrine of the Baltimore & Ohio R. Co. v. Saunders, 159 F.2d 484, supra, to the effect that the third party proceeding is not ancillary "where its effect is to change the cause of action as asserted".

4. According to the averments of the complaint the plaintiff is a resident of the State of Michigan. The third party defendants are also residents of the State of Michigan. Since the third party proceeding is not ancillary, it means that the defendants are endeavoring to step out of the litigation by introducing a controversy between the plaintiff, as a citizen of Michigan, and the third party defendants, also citizens and residents of the State of Michigan.

In view of these facts, the motion of the third party defendants to be dismissed from said action should be and will be sustained.