Albert R. Ingerman, Plaintiff, v. Morris Bonder, Defendant and Third Party Plaintiff, v. Manuel C. Ingerman, Third Party Defendant.

(*December* 8, 1950.)

WOLCOTT, J., sitting.

*James L. Latchum* (of Southerland, Berl and Potter) for Third Party Defendant.

*Frank J. Miller* for Defendant and Third Party Plaintiff.

Superior Court for New Castle County, No. 448, Civil Action, 1950.

WOLCOTT, J.:

This is an action based upon negligence. The facts briefly are that the plaintiff's automobile, operated by the third party defendant, was involved in a collision with the automobile of the defendant. The complaint specifically pleads various acts of negligence by the defendant.

The defendant filed his answer denying any negligence on his part and alleging that the now third party defendant at the time of the accident was the agent of the plaintiff, and that the negligence of the plaintiff's agent was the sole cause of the accident. Plaintiff, under the statute, filed an affidavit denying the fact of agency. The effect of this affidavit was to put that fact in issue.

Thereafter, defendant obtained an *ex parte* order under Rule

14(a) permitting him to file a third party complaint impleading the third party defendant.

The third party defendant moved to vacate the order of impleader and to quash the summons issued to the third party defendant on the ground that the third party complaint makes no showing to support the liability of the third party defendant to the third party plaintiff for all or any part of the claim asserted by the plaintiff against him. This motion has now come on for decision.

Rule 14(a) of this Court permits a defendant, as a third party plaintiff, to implead as a third party defendant any person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The effect of this rule, in an action based on negligence, is to permit a defendant to implead joint tort-feasors from whom he may be entitled to contribution of all or part of the claim asserted against him by the plaintiff.

Rule 14(a) does not go beyond this. It does not permit a defendant by third party procedure to substitute another as the primary defendant to the plaintiff's claim. See 3 *Moore's Federal Practice* (2nd Ed.), Secs. 14.04, 14.11 and authorities cited. Furthermore, there can be no impleading of joint tort-feasors unless there is a right to contribution, or some other ground for a recovery over against the third party. *Combs v. Continental Casualty Co. (D.C.)* 54 *F. Supp.* 507. Contribution between joint tort-feasors is now a matter of right in this state, 47 *Laws of Delaware*, Chapter 151, so that impleading under the rule is permissible. Third party defendants may not be added solely on the ground that they are liable to the plaintiff, although possible liability to the plaintiff will not defeat the right to implead when the third party defendant is liable to the defendant for all or part of the plaintiff's claim.

When a third party defendant is properly added on the ground that as a joint tort-feasor he is liable to contribution to the defendant, the third party action is merely ancillary to the main action, and the third party defendant is not subject to the suit

brought by the plaintiff unless, by appropriate amendment, the plaintiff elects to make him one of the primary defendants. *Lenter v. Hensley (D. C.)* 81 *F. Supp.* 141; *Baltimore & O. R. Co. v. Saunders (4 Cir.)* 159 *F.* 2d 481.

 This third party complaint alleges specific acts of negligence by the third party defendant and that any damage caused to the plaintiff's automobile "was entirely due to the negligence of the third party defendant". It demands judgment for all sums that may be adjudged against the defendant in favor of the plaintiff.

The third party plaintiff argues with some plausibility that the effect of his allegations is to assert a claim against the third party defendant under the Uniform Contribution Among Tortfeasors Act, but if that is the third party plaintiff's claim, it is not set forth in a short and plain statement so as to fairly put the third party defendant on notice as to the precise nature of the demand. A third party complaint seeking to enforce contribution from a joint tort-feasor should clearly and without equivocation assert the demand.

The motion to dismiss is granted with the right, if the defendant so desires, to amend within fifteen days of the filing of this opinion in order to assert a proper claim for contribution from a joint tort-feasor.