MARY T. NOVAK and MARTIN A. NOVAK, Plaintiffs, *v.* FRANCIS W. TIGANI and DELAWARE STEEPLECHASE & RACE ASSOCIATION, Defendants, DELAWARE STEEPLECHASE & RACE ASSOCIATION, Third Party Plaintiff, v. WALTER J. HIGGINS and MATTHEW J. MURRAY, partners doing business under the name and style of OLYMPIC PARKING SERVICE, Third Party Defendants.

*(March* 28, 1955.)

HERRMANN, J., sitting.

*Albert L. Simon* and *Stephen E. Hamilton, Jr.,* for the plaintiffs.

*William H. Bennethum* (of Morford and Bennethum) for the third party defendants.

Superior Court for New Castle County, No. 1237, Civil Action, 1953.

HERRMANN, J.:

By notice served upon counsel, the plaintiffs have called upon the third party defendants to appear in Wilmington for the taking of their depositions. The notice also calls for the attendance in Wilmington of an employee of the third party

defendants, alleged to be their managing agent, for the purpose of taking his deposition.

The deponents are residents of New York. The third party defendants have been served with process in the action against them by the third party plaintiff but the plaintiffs, who now seek to take the depositions, have not asserted a claim against the third party defendants by the prerequisite amendment to their complaint. See *Ingerman v. Bonder*, 7 *Terry* 99, 77 *A.* 2d 591; *Goldsberry v. Frank Clendaniel, Inc.*, 9 *Terry* 275, 109 *A.* 2d 405.

The deponents ask for a protective order under Civil Rule 30(b).[1] They contend that they are not obliged to respond to the notice of depositions by attendance in Wilmington and that, if the plaintiffs wish their depositions, subpoenas must be issued under Rules 26(a) and 45(d)[2] to compel their appearance at a proper place in New York.

■■ I am of the opinion that the plaintiffs may not compel the attendance of the deponents in Wilmington by the notice procedure. A notice of deposition is an effective substitute for a subpoena only if the party, to whom the notice is directed, may be subjected to the sanctions provided by Rule 37.

---

[1]Rule 30(b) provides in part as follows:

"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, * * *."

[2]Rule 26(a) provides in part as follows:

"Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * * The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45. * * *"

Rule 45(d) provides as follows:

"Subpoena for Taking Depositions. The attendance of witnesses and production by them of designated documents or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by paragraph (b) of Rule 26 may be compelled, within the State of Delaware, by the same means as at trial or hearing; and elsewhere, by whatever means are available under the laws of the place where the examination is held."

■■■ In the absence of an adequate sanction to implement the notice and to compel the attendance of the person whose deposition is sought, the notice is without force and the subpoena is necessary. See 4 *Moore's Fed. Pract.*, ¶ 26.10, p. 1051.

■■■ There is no sanction which may be invoked by the plaintiffs under Rule 37 to compel the deponents to respond to the notice of depositions. The sanctions provided by Rule 37(b), including contempt of court, are not available to the plaintiffs under the circumstances of this case. Rule 37(b) provides sanctions for refusal to be sworn after appearance or refusal to answer questions after being directed by the court to do so. That Rule does not provide a remedy for wilful failure to appear for deposition.

Rule 37(d) provides the only available sanctions for a person's refusal to attend the taking of his deposition upon notice.[3] That Rule does not aid the plaintiffs in this case. The sanction of default judgment, the only appropriate sanction under the Rule, is not available to the plaintiffs because they have no action pending against the third party defendants in which a default judgment may be sought.

Since the notice is unenforceable and since the deponents request a protective order, the notice of depositions will be vacated.

■■■

■■■

[3]Rule 37(d) provides as follows:

"Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33 after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."