**Edwin E. MITCHELL, Plaintiff,**

v.

**DUQUESNE BREWING COMPANY OF PITTSBURGH, Defendant and Third-Party Plaintiff,**

v.

**KNOX GLASS COMPANY and Owens-Illinois Glass Company, Third-Party Defendants.**

**Civ. A. No. 62–962.**

United States District Court
W. D. Pennsylvania.

Dec. 13, 1963.

City of Elyria, Ohio, due to the breakage of one or more bottles of beer under certain circumstances. The plaintiff then entered suit in Pennsylvania against the Duquesne Brewing Company of Pittsburgh, the producer and bottler of the beer, alleging that the brewery breached certain implied warranties and was guilty of negligence.

The defendant filed its answer and in turn joined the Knox Glass Company and Owens-Illinois Glass Company, as third-party defendants, alleging that it had procured the bottles from these third-party defendants as manufacturers and that any liability for the results of the accident was due to a breach of certain implied warranties of, or negligence by the third-party defendants.

Knox now moves to dismiss the third-party complaint for the reasons first, that the original plaintiff's complaint fails to state a cause of action against the original defendant; second, that the third-party complaint fails to disclose any basis for a cause of action for a breach of warranty; third, that since the action is based upon negligence and this court will be required to apply the law of lex loci delicti in determining the right of the third-party plaintiff to claim contribution, that the third-party plaintiff cannot prevail because under the law of the State of Ohio no right exists in the third-party plaintiff to claim contribution; and fourth, that the original plaintiff and the third-party plaintiff failed to give to Knox timely notice for instituting an action for breach of warranty.

The law is well-settled that if a complaint sets forth any matter upon which a claim may be based sufficient to give fair notice to the defendant of the issues involved, it is proper. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957).

Both the original complaint and the third-party complaint will be examined here together for the purpose of

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

William Challener, Jr., Pittsburgh, Pa., for defendant.

Bruce Martin, Pittsburgh, Pa., for third-party defendants.

ROSENBERG, District Judge.

In this action, the plaintiff, a citizen of the State of Ohio, was injured in the

ascertaining whether or not sufficient averments have been made to sustain a claim against the third-party defendant, Knox. While the claim is not set forth with the precision that is now demanded by Knox, it, nevertheless, presents sufficient notice to Knox as to indicate the basis for the claim upon which both the plaintiff and the third-party plaintiff intend to rely.

Knox raises the objection particularly that there are insufficient facts to lend any support so as to base a claim on the law of warranty, and primarily on the existence of privity of contract. It cites Hochgertel v. Canada Dry Corporation, 409 Pa. 610, 187 A.2d 575 (1963) as authority. This was an action by an employee of a purchaser against a manufacturer and it is not authority for the facts in this case.

Here, the third-party plaintiff is a bottler and the third-party defendants are the manufacturers of the bottles sold to the third-party plaintiff. Although the third-party complaint merely avers that the bottles involved were sold by Knox and does not aver that Duquesne was the purchaser, in answers to interrogatories filed in this case, the facts appear that the third-party plaintiff did purchase the bottles in part from Knox.

The record, itself, discloses sufficient facts which require that the case proceed further and that the third-party defendant be required to file an answer on the questions which it now raises so that ample opportunity may be afforded to establish such proof as any of the parties may have or be able to present.

Knox also objects to paragraph 8 of the third-party plaintiff's complaint which avers negligence on the part of Knox. It moves for a dismissal of that paragraph. It appears that both Duquesne and Knox are in agreement that the question of negligence will be appropriately governed by the law of the State of Ohio in which state the alleged tort occurred. Knox's complaint here is that under the law of Ohio there can be no contribution or indemnity between joint tort feasors and that, therefore, any averments by the third-party plaintiff claiming liability based on negligence should be stricken.

 Where there is no right to contribution, the defendant cannot implead a joint tort feasor. Combs v. Continental Casualty Co., 54 F.Supp. 507 (N.D.Ala., 1944). This action is not based solely upon negligence. It is joined with an alleged breach of warranty or contract as the case may be. Negligence may, therefore, be a factor in establishing the breach of warranty. Accordingly, it would not be proper at this time to dismiss or strike paragraph 8 of the third-party complaint.

 The Federal Rules of Civil Procedure providing for the raising of such questions as here raised, are purely procedural in nature. Thompson v. Cranston, 2 F.R.D. 270 (W.D., N.Y.1942). But the issues here raised require the application of the substantive law of the State of Ohio. To bring in a third-party defendant under Rule 14(a), as a condition precedent, a third-party plaintiff must state facts sufficient to constitute an existent cause of action. Lamport Co., Inc. v. Tepper & Slutzker, 3 F.R.D. 49, (D.C., N.J.1943). If only questions of law are presented by such a complaint, disposition may be had by invoking the applicable Rule or Rules. But if any genuine questions of fact exist, it should proceed to trial where the mixed questions of fact and law will be considered and determined before the trial court. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766, 772 (1950).

For all of these reasons the motion to dismiss as made by the third-party defendant, Knox, will be denied.