## WATKINS v. BALTIMORE & O. R. CO. (ROCHESTER & PITTSBURGH COAL CO., Third-Party Defendant).

### No. 356.

District Court, W. D. Pennsylvania.

Oct. 19, 1939.

Jack & Jack and Fisher & Ruddock, all of Indiana, Pa., for plaintiff.

John E. Evans and Margiotti, Pugliese, Evans & Buckley, all of Pittsburgh, Pa., for Baltimore & O. R. Co.

Jas. W. Mack, of Indiana, Pa., and Jas. H. Beal, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for third-party defendant.

SCHOONMAKER, District Judge.

Jennie Watkins, widow of David E. Watkins, brought this action originally to recover damages alleged to have been caused by negligence of defendant railway company, which resulted in the death of her husband, who, at the time of his injuries, which resulted in his death, was employed by the third-party defendant as a tipple foreman, and engaged in the inspection, examination, and cleaning of a coal conveyor of the third-party defendant located on its land adjoining a railway siding into its property, which had been constructed by defendant railway company under an agreement with the third-party defendant. This agreement provided that the third-party defendant should not erect or allow to be erected any building, structure, or fixture, or to place material of any kind on its land adjoining the railway siding without giving a clearance of at least six feet from the nearest rail of the said side tracks. The said agreement further provided that the coal company should protect, indemnify, and save harmless the railway company against all loss, damage, and expense in consequence of injury to person or property by reason of the erection of any building, structure or fixture without giving such clearance of six feet between it and the nearest rail of the siding.

Rule 14(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that a defendant may bring in as a third-party defendant "a person not a party to the action who is or may be liable to his or to the plaintiff for all or part of the plaintiff's claim against him."

In our opinion, the third-party complaint falls strictly within Rule 14(a), because the defendant is seeking to recover from the third-party defendant, as an indemnitor or party liable over to defendant, any damages the plaintiff may recover against the defendant.

The third-party complaint alleges that the place where the accident occurred is along the tracks covered by said agreement, and that the coal conveyor on which Watkins was working was within six feet from the nearest rail. Even if the defendant was negligent in the operation of the train which struck Watkins when he was working on the conveyor located within the prohibited area covered by the agreement, that would not prevent the defendant from recovering over against the third-party defendant as an indemnitor or party liable over under the agreement with the railway company. In our view, that was just a contingency defendant and the

coal company provided for by the terms of this agreement.

This, in our opinion, is not a case for the application of the doctrine of proximate cause. The negligence of defendant may, as alleged by plaintiff, have been the direct cause of the injury to Watkins; but that fact will not relieve the third-party defendant if it is liable over to the defendant under its agreement with the defendant.

The views here expressed are supported by: Kravas v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66; Cacey v. Virginia Railway Co., 4 Cir., 85 F.2d 976; National Transit Co. v. Davis, Director General, 3 Cir., 6 F.2d 729.

The motion to dismiss the third-party complaint will be denied. An order may be submitted accordingly.