## BURRIS v. AMERICAN CHICLE CO.
### No. 434.

District Court, E. D. New York.

Oct. 20, 1939.

774

Alexander Loeb, of New York City, for plaintiff.

Herbert F. Hastings, Jr., of New York City, for defendant.

GALSTON, District Judge.

Plaintiff sues for personal injuries sustained as a result of the failure of the defendant to comply with Sec. 202 of the Labor Law of the State of New York, Consol. Laws N.Y. c. 31, and the certain rules of the Industrial Board of the Department of Labor of the State of New York. The law and the regulations relate to safety devices intended for the protection of persons engaged in window cleaning.

The defendant, pursuant to Rule 14 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, seeks to have the Ashland Window & House Cleaning Co., Inc., brought in as a party defendant.

The application is resisted by the plaintiff among other grounds because the plaintiff would have no right of action against the Ashland Window & House Cleaning Co., Inc. That, however, is not determinative of the question presented by the motion. It appears from the affidavits that the cleaning of the windows at the premises in question was done pur-suant to a contract entered into by the defendant with the proposed third party defendant, and it is averred that if the plaintiff sustained injuries because of any lack of scaffolds, ladders or suitable equipment it was because of the failure of the Ashland Window and House Cleaning Co., Inc., to comply with the terms of its contract with the defendant.

In these circumstances Rule 14 applies, for the defendant, as a third-party plaintiff, may bring in "a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."

Motion granted on condition that the defendant serve the proposed summons and complaint within ten days from the entry of the order on this motion.

Settle order on notice.