## CULMER v. BALTIMORE & ·O. R. CO. (DUFF–NORTON MFG. CO., Third-Party Defendant).

### No. 1239 Civil Action.

District Court, W. D. Pennsylvania.

June 6, 1941.

Reed, Smith, Shaw & McClay and James H. Beal, Jr., all of Pittsburgh, Pa., for plaintiff.

Margiotti, Evans & Pugliese and John E. Evans, all of Pittsburgh, Pa., for Baltimore & O. R. Co., third-party plaintiff.

Pritchard, Lawler, Malone & Geltz and Charles B. Prichard, all of Pittsburgh, Pa., for Duff-Norton Mfg. Co., third-party defendant.

GIBSON, District Judge.

The plaintiff, C. B. Culmer, filed his complaint against the Baltimore and Ohio Railroad Company wherein he alleged that the Railroad, in delivering an interstate shipment of freight, had negligently operated on the siding of the Duff-Norton Manufacturing Company so that he, a brakeman on the train, had been injured by reason of the insufficient clearance between the train and the building of the Duff-Norton Manufacturing Company. When the Railroad filed its answer to the complaint, it secured an order from a judge of this court whereby it was permitted to bring in the Duff-Norton Manufacturing Company as a third-party defendant. Later the Duff-Norton Manufacturing Company appeared specially and moved this court to set aside service upon it and to dismiss the third-party complaint.

The basis of the third-party complaint is an agreement between the Railroad and the Duff-Norton Manufacturing Company, wherein the latter, as part of the consideration for the installation of a switch upon its property, agreed inter alia as follows: "The Second Party agrees not to erect or place, or allow to be erected or placed, on its premises any buildings, structures, fixtures or obstructions of any kind in dangerous proximity to said side-track, and agrees to use such means and care generally as will tend to avoid accidents of any kind." Upon the foregoing provision the Railroad has demanded judgment against the Duff-Norton Manufacturing

766

Company for all sums that be adjudged against it in favor of the plaintiff.

In Watkins v. Baltimore & Ohio Railroad Co. (Rochester & Pittsburgh Coal Co., Third-Party Defendant), D.C., 29 F. Supp. 700, Judge Schoonmaker of this court had before him a case which closely paralleled the instant matter, and refused to dismiss the third-party complaint. In that case the person injured by reason of lack of the contracted clearance between the switch and the building was not an employe of the Railroad, but of the third-party defendant, and his action was not, as here, brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq; and, also, by its contract the third-party defendant had agreed to indemnify the railroad for any damage occasioned it by reason of the failure of the former to erect its buildings in accordance with its agreement, and no such specific agreement to indemnify appears in the contract under consideration.

In our opinion the differences of fact do not affect the principle of the Watkins case, supra.

The third-party defendant points to Section 5 of the Federal Employers' Liability Act, 45 U.S.C.A. § 55, as making void the contract between it and the Railroad: "Contract, rule, regulation, or device exempting from liability; set-off. Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: Provided, That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought. (Apr. 22, 1908, c. 149, § 5, 35 Stat. 66.)"

That section contemplates agreements between employer and employee, and not such as that in question, an agreement with a third party. And the agreement does not exempt, or attempt to exempt, the Railroad from liability for its negligence. The claim is for a liability over, not one upon which a defense against plaintiff might be founded.

Nor is it a matter of moment that the contract does not set forth a promise to indemnify the Railroad in event of damage occasioned by failure to observe the agreement. For such failure the third-party defendant is liable, even though an indemnity clause is not specifically inserted in the contract.

Being of opinion that the third-party defendant has been properly joined in accordance with Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the motion of the Duff-Norton Manufacturing Company to dismiss it as a third-party defendant will be denied by the court.