**PEOPLE OF STATE OF ILLINOIS v. MARYLAND CASUALTY CO. (BOWEN et al., Third-Party Defendants).**

Nos. 2077, 2140.

District Court, N. D. Illinois, E. D.

Oct. 7, 1941.

Ryan, Sinnott & Miller and Jack L. Sacks, all of Chicago, Ill., for plaintiff.

Wilson & McIlvaine, of Chicago, Ill., for Maryland Casualty Co.

Dent, Weichelt & Hampton, of Chicago, Ill., for American Surety Co. of New York.

Cassidy, Knoblock & Sloan, of Peoria, Ill., for A. L. Bowen and Blanche Fritz.

BARNES, District Judge.

These cases come before the court on motions of A. L. Bowen and Blanche Fritz, third-party defendants, to dismiss the complaints and the third-party complaints.

The motions to dismiss raise, generally speaking, three points: First, that the court does not have jurisdiction because the third-party defendants are residents of the same state as the plaintiffs; second, that the third-party complaint is prematurely brought for the reason that, under the terms of the agreement between the third-party plaintiff and the third-party defendants, the third-party defendants agreed to pay the third-party plaintiff its loss, costs, charges, suits, damages, etc., which third-party plaintiff shall sustain or incur, which loss, costs, etc., have not yet been sustained or incurred by third-party plaintiff; and third, that the complaint does not state a cause of action against the defendant and third-party plaintiff.

1. The court is of the opinion that the first point is not well taken. The weight of authority is that an independent basis of jurisdiction is not necessary to support a third-party proceeding. Crum v. Appalachian El. Power Co., D.C., 27 F.Supp. 138; Bossard v. McGwinn, D.C., 27 F.Supp. 412; Morrell v. United Air Lines, D.C., 29 F.Supp. 757; Kravas v. Great A. & P. Tea Co., D.C., 28 F.Supp. 66; Sussan v. Strasser, D.C., 36 F.Supp. 266; Malkin v. Arundel Corp., D.C., 36 F.Supp. 948.

2. Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, reads, in part, as follows: " * * * a defendant may move * * * for leave as a third-party plaintiff to serve a sum-mons and complaint upon a person not a party to the action who is *or may be* liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * *"
This rule, and particularly the words "or may be," italicized above, indicates that the third-party complaint is not prematurely brought. The court is of the opinion that the second point is not well taken.