## GREENLEAF v. HUNTINGDON & B. T. M. R. & COAL CO.

### No. 2676.

District Court, E. D. Pennsylvania.

Oct. 20, 1942.

B. D. Oliensis, of Philadelphia, Pa., and Jubelirer, Jubelirer & Smith and Samuel H. Jubelirer, all of Altoona, Pa., for plaintiff.

J. Paul Erwin, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

The plaintiff's decedent, Frank L. Greenleaf, was the conductor of a gas-electric motor car operated by the defendant, the Huntingdon and Broad Top Mountain Railroad and Coal Company, and he was killed when the gas-electric motor car collided in a head-on collision with a freight train also owned and operated by the defendant, the Huntingdon and Broad Top Mountain Railroad and Coal Company. The complainant in the suit against the Huntingdon and Broad Top Mountain Railroad and Coal Company avers that "the said head-on collision was caused without any negligence on the part of the said Frank L. Greenleaf and entirely and solely through the negligence and carelessness of the crew of the said freight train, or by the engineer or conductor, in that they carelessly and negligently failed to stop at Hummel, there to await the arrival of the electric car, so that by use of the siding there located, they could cross and pass each other in safety". The defendant filed an answer and thereafter filed a motion to bring in as third party defendants, the conductor and engineer of the freight train, Ira Sankey Russell and Harry Robert Cree, alleging therein that the occurrence was solely the result of the negligence and carelessness of the said individuals in disregarding the orders of the Dispatcher of the defendant and third party plaintiff, and demanding judgment against the third party defendants "for all sums that may be adjudged against defendant, Huntingdon and Broad Top Mountain Railroad and Coal Company, in favor of the plaintiff". The plaintiff filed an affidavit in answer to this motion stating (1) that the bringing in of the third party defendants will cause delay in the trial of the issue; (2) that it would legally prejudice the plaintiff in her cause, both being old and without substantial means, and (3) that the plaintiff has no claim against the third party defendants, will not assert any, and refuses to proceed against the two defendants.

The question involved here is a relatively simple one and concerns the construction which the court gives to Rule 14(a), of

the Rules of Federal Procedure, 28 U.S.C. A. following section 723c which provides as follows: "When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13". More particularly interpretation must be given to that portion of the section, "who is or may be liable to him".

 An action for damages is brought under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and it is the contention of counsel for the plaintiff who as is indicated by the affidavit of the plaintiff does not wish to prosecute the action against the third party defendants, that the language in Rule 14(a) is only applicable to a defendant or third party plaintiff who presently has a cause of action against the third party defendant and is not concerned with a third party defendant who may be liable to the defendant or third party plaintiff, in the event the plaintiff recovers a judgment against the defendant or third party plaintiff. This view, counsel contends, is buttressed by the fact that the defendant or third party plaintiff in its petition to bring the third party defendant on the record prays for "judgment against the third party defendants, Ira Sankey Russell and Harry Robert Cree, for all sums that may be adjudged against defendant, Huntingdon and Broad Top Mountain Railroad and Coal Company, in favor of the plaintiff, Lillian Shaver Greenleaf". It is his contention that this language does not show a present liability on the part of the third party defendants to the defendant or third party plaintiff, as he holds is requisite. To this point of view, I am not persuaded. It is apparent that Rule 14(a) of the Rules of Federal Procedure were designed to avoid circuity of action and to lend confirmation to counsel's contention, would, it seems to me, be contradictory of this principle, if it required

the defendant or third party plaintiff in this action, if a judgment were rendered against it, to bring a separate suit against the third party defendants in which the factual situation would be identical with the case at bar and would in reality be a pure repetition of the present case. There can be no doubt of the liability of the servant to the master for loss caused to the master by reason of the servant's breach of duty. Zimmer v. Casey, 296 Pa. 529, 146 A. 130; Koontz v. Messer, 320 Pa. 487, 181 A. 792. Thus in Comment C to Section 401 of the Restatement of Agency, it is stated: "Thus, a servant who, while acting within the scope of employment, negligently injures a third person, although personally liable to such person, is also subject to liability to the principal if the principal is thereby required to pay damages. If suit is brought against a principal alone, the principal, under the provisions of some modern statutes, can cause the agent to be made a party, or he can notify the agent to defend the suit with the consequences stated in Comment H on Section 399".

 It seems to me the words of the Rule itself "is or may be liable" mean exactly what they import in their common acceptation and that since the third party defendants may be liable directly to the defendant in the event a judgment is obtained against them, they are proper parties to be brought on the record. In so doing there is an expeditious disposition of all phases of the controversy by all parties involved. Counsel's contention that the cases permitting such third party defendants to be brought on the record in instances such as this, is where "the original defendant has actually at present a cause of action against the additional defendants * * *" is not borne out by the authorities. Holtzoff's "New Federal Procedure and the Courts", page 47; Harry H. Sussan v. Joseph C. Strasser et al., D.C., 36 F.Supp. 266; Samuel Falcone v. City of New York (Williams-Bauer Corporation) D.C., 2 F.R.D. 87; People of the State of Illinois, etc., v. Maryland Casualty Co. (A. L. Bowen et al.) D.C., 2 F.R.D. 241; Jennie Watkins v. Baltimore & Ohio Railroad Co. (Rochester & Pittsburgh Coal Co.) D.C., 29 F.Supp. 700; United States of America v. United States Fidelity & Guaranty Co. (Dr. Arthur J. Kolling) D.C., 1 F.R.D. 112.

Motion of defendant granted.