## DAVIS v. ASSOCIATED INDEMNITY CORPORATION (DANIELS, Third-Party Defendant).

Civil Action No. 1320.

District Court, M. D. Pennsylvania.

Aug. 1, 1944.

542

Carl B. Shelley, of Harrisburg, Pa., for plaintiff.

Douglas D. Storey, of Harrisburg, Pa., for defendant.

Elmer E. Harter Jr., of Harrisburg, Pa., for third-party defendant.

JOHNSON, District Judge.

This is a motion by a third party defendant for judgment on the pleadings.

It is necessary to state briefly the facts involved before the validity of the motion may be determined.

The facts are as follows:

A. Lester Anstine, Nellie B. Anstine, and John B. Anstine, brought suit against the Pennsylvania Railroad Company and Harry R. Davis, Jr., in the Court of Common Pleas of Dauphin County, Pennsylvania, to recover damages resulting from injuries sustained by John B. Anstine while he was riding in an automobile operated by Harry R. Davis, Jr., when it collided with a train owned and operated by the Pennsylvania Railroad Company.

As a result of that litigation, verdicts were rendered against Harry R. Davis, Jr., and the Pennsylvania Railroad Company and in favor of A. Lester Anstine in the amount of $3,938.65, and in favor of John B. Anstine in the amount of $20,000.

It should be noted here, to avoid confusion, that in the contents of the pleadings filed in this case, the name of the plaintiff is given as Harry R. Davis, Jr., and not Robert R. Davis, Jr., as appears in the caption of the case.

The Associated Indemnity Corporation had issued a policy of insurance covering damages resulting from the operation of the automobile by Harry R. Davis, Jr., but refused to defend the suit brought by Anstine against Davis nor did it pay the amount of the judgment against Davis.

The Associated Indemnity Corporation based the refusal to defend its insured upon an alleged failure to cooperate in the preparation and conduct of the defense. The insurer subsequently instituted declaratory judgment proceedings in this Court to determine liability under the policy. The Circuit Court of Appeals for the Third Circuit, upon appeal, decided that the refusal of the insurer to defend was not justified.

The Pennsylvania Railroad Company filed a Motion for a new trial and the Court of Common Pleas granted the motion unless a remittitur in the amount of $10,000 was filed. Upon the filing of the remittitur reducing the judgment against the railroad company to $10,000, the Pennsylvania Railroad Company made payment thereof.

Judgment was entered upon the verdict against Harry R. Davis, Jr., in the full amount thereof, and he has brought an action in this court, seeking to recover from the Associated Indemnity Corporation an amount equal to the judgment standing against him in favor of the Anstines by reason of the policy of insurance above mentioned.

Plaintiff bases his action in this Court upon a breach of contract on the part of the Associated Indemnity Corporation for its failure and refusal to defend the action against him and to pay the amount of the judgment. By reason of the refusal of the Associated Indemnity Corporation to comply with the terms of its contract to defend, the plaintiff retained Willis F. Daniels, as his attorney, at the trial of the issue in the Court of Common Pleas.

In the action in this Court, the insurance company has brought in Willis F. Daniels, as a third-party defendant, alleging that if Davis suffered any damages, it was the result of the failure of the said Willis F. Daniels, in the trial of the case, in the Common Pleas Court, to take proper legal steps following the rendition of the verdict, and alleging:

Firstly, that if the said Willis F. Daniels had filed a motion for a new trial, judgment could not have been entered upon the verdict, and

Secondly, "If said Willis F. Daniels had filed said motion for new trial said John B. Anstine would never (have) had any basis to claim he had a judgment of $20,000.00 against plaintiff after said John B. Anstine had remitted $10,000.00 of said $20,000.00 verdict against plaintiff and the Pennsylvania Railroad Company, and could never have alleged he had been injured after the Pennsylvania Railroad Company paid said

verdict with interest and costs on 1 February, 1943."

The motion for judgment sets forth five reasons therefor as follows:

"1. Because the Complaint of Complainant fails to state a claim against Willis F. Daniels, Third-Party Defendant, upon which relief can be granted.

"2. Because the Complaint of the Associated Indemnity Corporation, Third-Party Plaintiff, fails to state a claim against Willis F. Daniels, Third-Party Defendant, upon which relief can be granted.

"3. Because the Complaints of Plaintiff and Third-Party Plaintiff rest soley upon the allegations that Willis F. Daniels failed or refused to move for a new trial on behalf of Harry R. Davis, Jr., after the jury in Anstine vs. Pennsylvania Railroad, and Harry R. Davis Jr., at No. 638, September Term, 1938, in the Court of Common Pleas of Dauphin County, Pennsylvania, had rendered verdicts against the Pennsylvania Railroad Company and Harry R. Davis, Jr.

"4. That Willis F. Daniels is an Attorney at Law, admitted to practice in this Court and all Courts of the Commonwealth of Pennsylvania, and is not liable for the honest, careful exercise or mistake of judgment in advising his clients professionally, but can be liable only for gross negligence and wilful and wanton disregard of the rights of his client.

"5. That neither the Complaint of Plaintiff or of the Third-Party Plaintiff alleges an error arising from an ordinary want of skill and knowledge, or want of due caution.

Two days later, the third-party defendant filed an amendment to his original motion for judgment as follows:

"1. The Third-Party Plaintiff has not alleged any privity by contract or otherwise between it and the Third-Party Defendant. In fact, in paragraph #3 of the Complaint of the Third-Party Plaintiff, it is definitely stated that the Third-Party Defendant was not employed by the Third-Party Plaintiff.

"2. The Third-Party Plaintiff, by bringing in the Third-Party Defendant, is joining an action sounding in contract with one sounding in negligence, which is contrary to law".

The reasons advanced by the third-party defendant in support of the motion for judgment will be considered in the order in which they are stated above.

In support of the first and second reasons the third-party defendant contends that the complaint of the original and of the third-party plaintiff does not contain an allegation "of the lack of ordinary care or failure to perform a professional duty with ordinary and reasonable skill and care." But paragraph 16 of plaintiff's complaint avers negligence in the failure to file a motion for a new trial. Moreover, in his answer the third-party defendant recognizes the averment of negligence, and, stating that he is without knowledge of the facts, neither denies nor affirms the allegation. Inasmuch as the third-party defendant was the attorney for the plaintiff, it is difficult to understand his statement that he is without knowledge of the facts. The arguments advanced by the third-party defendant in support of the first and second reasons in his motion for judgment are insufficient to sustain the motion, but these two reasons will be referred to hereinafter.

The third, fourth and fifth reasons advanced by the third-party defendant must be considered together as they comprise a contention that he cannot be held liable except for "gross negligence and wilful and wanton disregard of the rights of his client", and further that neither of the complaints filed "alleges an error arising from an ordinary want of skill and knowledge, or want of due caution".

The fifth reason advanced has already been considered and disposed of and this Court is of the opinion that the third and fourth reasons cannot be sustained. The third and fourth reasons raise a question of fact. An attorney must be familiar with the well settled principles of law and rules of practice which are of frequent application in the ordinary business of the profession; must observe the utmost good faith toward his client; and must give such attention to his duties, and to the interests of his client, as ordinary prudence demands, or members of the profession usually bestow. Enterline v. Miller, 27 Pa.Super. 463.

The first reason advanced by the third-party defendant in support of his motion by the amendment later filed is to the effect that no privity of contract exists between the third-party plaintiff and the third-party defendant. Under the Federal

Rules, of Civil Procedure, 28 U.S.C.A. following section 723c, no privity is necessary.

■ "The very purpose of Federal Rule 14 is to avoid two actions which should be tried together. This saves time and expense. Here the third party complaint tenders to the plaintiff another defendant, who, it is alleged, is liable to her for all of the claim she is asserting against the original defendant.

"This is permissible under the rule, and in that respect the federal procedure differs from that of the State codes. The latter require that the third party defendant be liable wholly or in part to the defendant, either by way of contribution, indemnity or otherwise, for the claim made against him. The federal rule is patterned after Admiralty Rule 56, 28 U.S.C.A. following section 723, and extends the right to bring in a party who is or may be liable to the plaintiff. The rule permits the plaintiff to 'amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant.'

"This provision furnishes a test by which it may be determined whether the third party complaint shall be allowed. If the claim set out in the third party complaint might have been asserted against the third party defendant had he been joined originally as a defendant, it follows that the defendant is entitled, as a third party plaintiff, to bring in such third party defendant." Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F.Supp. 715, 718.

■ The second reason advanced in support of the amendment is that the third-party plaintiff is attempting to join an action sounding in contract with one sounding in negligence and that is contrary to law. This reason cannot be sustained. Burris v. American Chicle Co., D.C., 29 F. Supp. 773. See also Analysis of Rule 14 in Moore's Federal Practice, Vol. 1, page 693, Pocket Part. See also Culmer v. Baltimore & O. R. Co. et al., D.C.Pa., 1 F.R.D. 765.

■ The first two reasons advanced by the third party defendant will now be considered in their relation to the facts previously set forth. Although the arguments advanced in support of those reasons have been considered insufficient to sustain the motion there are other and valid arguments which are sufficient to sustain it.

It has been ascertained, as set forth above that the original complaint averred negligence upon the part of the third party defendant in a failure to file a motion for a new trial. But there is no allegation in either of the complaints that the verdict was wrong nor that it would have been reversed upon appeal. If the verdict was correct or would have been sustained upon appeal then no damages could have arisen by reason of a failure to move for a new trial. This constitutes an averment of negligence without damage which cannot support a cause for action.

The entire difficulty in the proceedings before this Court has arisen, in the first instance, not by reason of any failure upon the part of the third-party defendant to move for a new trial after the verdict was rendered in the Court of Common Pleas, but by reason of the failure of the defendant insurance carrier to defend its insured at the trial in the Common Pleas Court.

In electing not to defend its insured the defendant adopted a position which the Circuit Court of Appeals declared to be erroneous. If it had defended its insured the retention of the third party defendant as trial counsel would not have become necessary. If it had defended its insured in accordance with the terms of its contract, the insurance carrier defendant would then have been in a position to control the filing of a motion for a new trial after the verdict was rendered and this present altercation would not have arisen. It is most inequitable for this defendant to attempt to shift both the responsibility and the damage (if any damage there be), consequent upon its own acts, to the person of the third-party defendant. The defendant is not in a position to complain that another failed to do what the defendant itself should have done. The motion for judgment must be sustained.

The third-party defendant at the time of presenting his motion for judgment on the pleadings also presented a petition to stay proceedings on the ground of pressure of military duties. The petition to stay proceedings will be dismissed by reason of the action of this Court in sustaining the Motion for judgment on the pleadings.

It is ordered that the motion of third-party defendant for judgment on the pleadings be, and it hereby is, sustained, and the third-party complaint be, and it hereby is, dismissed.