**KELLY v. PENNSYLVANIA R. CO. (EDWARD G. BUDD MFG. CO., Third Party Defendant).**

Civ. A. No. 6782.

District Court, E. D. Pennsylvania.

Feb. 5, 1948.

Richter, Lord & Farage and Donald J. Farage, all of Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Smith & Clark, of Philadelphia, Pa., for third party plaintiff.

Axelroth & Porteous, of Philadelphia, Pa., for third party defendant.

GANEY, District Judge.

This is a motion under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, by a third-party defendant to vacate [1] the order granting leave to the third-party plaintiff to bring it upon the record pursuant to Rule 14(a).

The plaintiff, a brakeman and citizen of Pennsylvania, brought this action against his employer, the Pennsylvania Railroad Company, under the Safety Appliance and The Federal Employers' Liability Acts, 45 U.S.C.A. §§ 1 to 23, 51 to 60, for injuries alleged to have been sustained by him. His complaint alleged that while riding on the outside of defendant's cars which were being driven on side-tracks located on the property of the Edward G. Budd Manufacturing Company, he was squeezed between the side of one of the cars and a pile of steel placed alongside the tracks. At the time of the accident, there existed between the Railroad and the Budd companies an indemnity contract. This contract provided that the Budd Company shall maintain at all times a sufficient clearance above and on each side of the side-tracks in question for the safety of the employees and equipment of the Railroad. It further stated that the Budd Company shall indemnify and save harmless the Railroad for loss, damages, and

---

[1] Crim v. Lumbermens Mut. Cas. Co., D.C.D.C., 26 F.Supp. 715; Satink v. Holland, D.C.N.J., 28 F.Supp. 67; Falcone v. City of New York (Williams-Bauer Corp.), D.C.E.D.N.Y., 2 F.R.D. 87; United States v. Jollimore (Holland Furnace Co.), D.C.D.Mass., 2 F.R.D. 148; Delano v. Ives (Botfield et al.), D.C.E.D.Pa., 40 F.Supp. 672, 673.

injury from any act or omission of the former to the employees or property of the latter, while on or about the side-tracks, and that if any claims or liability should arise from the joint or concurrent negligence of the parties to the contract, it should be borne equally by them. Alleging liability under the common law as well as under the contract, the Railroad brought the Budd Company on the record as a third-party defendant. Both the third-party plaintiff and the third-party defendant are corporations organized and existing under the laws of Pennsylvania.

The reason given for the motion to vacate is that this court has no jurisdiction over the third-party action because (1) no diversity of citizenship exists among any of the parties, and (2) the asserted liability of the third-party defendant is the result of the alleged violation of a duty imposed by contract and the Pennsylvania law while that of the third-party plaintiff is the alleged violation of a duty imposed by federal statutes.

Despite the language of Rule 14 (a), it is clear that the plaintiff could not have joined the third-party defendant as a defendant in the original action[2]. For such a claim is not within the jurisdictional scope of the Federal Acts, Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205; Norfolk & W. R. Co. v. Hall, 4 Cir., 49 F.2d 692; and no diversity of citizenship existed between them. Strawbridge v. Curtis, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435; Osthaus v. Button, 3 Cir., 70 F.2d 392; Pearce v. Pennsylvania R. Co. et al., 3 Cir., 162 F.2d 524. Nor could he have amended his complaint, had he so desired, to assert a claim against

it. McDonald v. Dykes et al., D.C.E.D. Pa., 6 F.R.D. 569, affirmed per curiam, 3 Cir., 163 F.2d 828. The question whether third-party action under Rule 14 must meet the requirements of the statutes conferring jurisdiction upon the federal courts has never been squarely raised in the Circuit Court of Appeals for the Third Circuit. However, in Pennsylvania, the Federal District Courts have followed the majority view of treating the entire action as a unit, and the third-party claim as an ancillary proceeding incidental to the original action. As a result, these courts have held that third-party actions need not meet the jurisdictional requirements of the federal courts as long as the original action does. Bossard v. McGwinn, D.C.W.D.Pa., 27 F.Supp. 412; Kravas et al. v. Great Atlantic & Pacific Tea Co. (Davis et al.), D.C.W.D.Pa., 28 F.Supp. 66; Sklar v. Hayes (Singer), D.C.E.D.Pa., 1 F.R.D. 415; Sussan v. Strassen, D.C.E.D.Pa., 36 F.Supp. 266; Myer v. Lyford (Tully), D.C. M.D.Pa., 2 F.R.D. 507; McDonald v. Dykes et al., supra; also see Moncrief v. Pennsylvania R. Co. (Joiner), D.C.E.D.Pa., 73 F.Supp. 815. The majority view and the reason upon which it is based is set forth in 1 Moore's Federal Practice, 1946 Supp., Secs. 14.02, 14.08, pp. 355, 373–378; Holtsoff's "New Federal Procedure and The Courts", 1940, pp. 49, 50. In the group of cases last cited, diversity of citizenship existed, with the possible exception of the Moncrief case, between the third-party plaintiff and third-party defendant. But this does not mean that diversity must exist between them; the rule is the same even though all the parties are of the same citizenship.[3]

---

[2] Rule 82 of the Federal Rules of Civil Procedure provides: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

[3] Although it was dictum as far as the case was concerned, the District Court's opinion in Pearce v. Pennsylvania R. Co. et al., D.C.E.D.Pa., 7 F.R.D. 420, at page 423, affirmed 3 Cir., 162 F.2d 524, stated: "If suit was brought against the railroad as sole defendant, the railroad would

have brought in defendant Hofkin as a third-party defendant under Rule 14(a) as a party liable over to it on the basis of an indemnification agreement between the railroad and Hofkin. The third-party action would be ancillary to the suit against the railroad and would not need independent jurisdiction. * * * It then would not avail Hofkin that plaintiff, defendant and third-party defendant were all citizens of the same state since the third-party action will be ancillary to the cause of action between the

■ The fact that the basis of the claim for relief in the original action is different from that of the third-party claim will not prevent the federal courts from assuming jurisdiction over the latter. Jones v. Waterman S. S. Corp. v. (Reading Co.), 3 Cir., 155 F.2d 992; Kravas et al. v. Great Atlantic & Pacific Tea Co. (Davis et al.), supra; Watkins v. Baltimore & O. R. Co. (Rochester & Pittsburgh Coal Co.), D.C.W.D.Pa., 29 F.Supp. 700, 701; Culmer v. Baltimore & O. R. Co. (Duff-Norton Mfg. Co.), D.C.W.D. Pa., 1 F.R.D. 765; Greenleaf v. Huntingdon & Broad Top Mountain R. & Coal Co. (Russell et al.), D.C.E.D.Pa., 3 F.R.D. 24; Davis v. Associated Indemnity Corp. (Daniels), D.C.M.D.Pa., 56 F.Supp. 541.

■ Where the basis of liability for the claim for relief of the third-party complaint is not dependent upon federal law, the substantive law of the place where the operative facts took place governs. Brown v. Cranston, 2 Cir., 132 F.2d 631, 633, 634, 148 A.L.R. 1178, certiorari denied 319 U. S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698; Jeub v. B/G Foods, Inc., D.C.Minn., 2 F.R.D. 238. Also see Jones v. Waterman S. S. Corp., supra.

■ Therefore, aside from its rights which it may enforce under the contract, the third-party plaintiff would be able, assuming that the third-party defendant will be shown to have been negligent, to obtain contribution from the latter under the Pennsylvania Law.[4] Trerotola v. Philadelphia, 346 Pa. 222, 29 A.2d 788; Anstine v. Pennsylvania R. Co., 352 Pa. 547, 43 A.2d 109, 160 A.L.R. 981. See Young

v. Wilky Carrier Corp. et al., 3 Cir., 150 F.2d 764, 765.

By taking advantage of the third-party procedure under Rule 14(a), the defendant does not in effect offer to the plaintiff an additional defendant, thus circumventing the jurisdictional requirements of federal statutes; for if the plaintiff does not recover from the original defendant, he will not recover at all in this action.

■ As to the discretion of the court in third-party actions, Professor Moore states in his treatise: "Whether a party to an action shall be allowed to implead an additional party rests in the discretion of the court". 1 Moore's Federal Practice (1946 Supp.) Sec. 14.02, p. 356. In accord with this view are General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F. 2d 671; Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481; Tullgren v. Jasper (Maryland Cas. Co.), D.C.Md., 27 F.Supp. 413, 418; Delano v. Ives (Botfield et al.), D.C.E.D.Pa., 40 F.Supp. 672. A dissenting voice is raised in Falcone v. City of New York (Williams-Bauer, Corp.) E.D.N.Y., 2 F.R.D. 87, at page 90, which states: "Rule 14 does not seem to make it a matter of discretion to bring in a third party but a matter of absolute right when the facts warrant it". But even assuming that we have the discretion to vacate the order granting leave to bring in the third-party defendant, we would not exercise it in the instant case. In the interest of justice, the issues in the action should be resolved in a single trial. This view should not be altered merely because different defenses are available to the

---

plaintiff and the railroad. The court's jurisdiction over the main action, based on the Federal Employer's Liability Act, would sustain the third-party action between the railroad and Hofkin *notwithstanding the lack of diversity of citizenship between plaintiff and Hofkin or between the railroad and Hofkin.*" (Emphasis supplied.) To the same effect: Johnson v. G. J. Sherrard Co., D.C.Mass., 2 F.R.D. 164, 165; Morris, Wheeler & Co. v. Rust Engineering Co., D.C.Del., 4 F.R.D. 307, 309; Tullgren v. Jasper (Maryland Cas. Co.), D.C.Md., 27 F.Supp. 413. In Schram v. Roney

(Furlong), D.C.S.D.Mich., 30 F.Supp. 458 and Pyzynski v. New York Cent. R. Co. (Eastern State Co-op. Milling Corp. and Cuyahoga Wrecking Co.), D.C.W.D.N.Y., 7 F.R.D. 302, diversity between the third-party plaintiff and a third-party defendant was actually lacking.

[4] The Pennsylvania Contribution among Tort Feasors Act provides: "Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary". Act of June 24, 1939, P.L. 1075, § 1, 12 P.S. § 2081.

third-parties or that the jury may or will be called upon to allocate the percentages of negligence and apportion the damages between them. Watkins v. Baltimore & O. R. Co. (Rochester & Pittsburgh Coal Co.), supra; Culmer v. Baltimore & O. R. Co. (Duff-Norton Mfg. Co.), supra; O'Neill v. American Export Lines (Ro-Ed Engineering Co. et al.), D.C.S.D.N.Y., 5 F.R.D. 182, 183; Pyzynski v. N. Y. C. R. Co. (Eastern States Corp. Milling Corp. and Cuyahoga Wrecking Co.), supra. Under proper instructions from the court, the task of the jury will not be too arduous.

Motion denied.