**LEE'S Inc. v. TRANSCONTINENTAL UN-DERWRITERS 'OF TRANSCONTINEN-TAL INS. CO. (SAMUEL R. ROSOFF, LIM-ITED et al., third-party defendants).**

Civ. A. No. 4594.

United States District Court
D. Maryland, Civil Division.
Nov. 22, 1949.

G. C. A. Anderson (Anderson & Barnes) Baltimore, Md., for plaintiff.

Charles Markell, Jr. (Cook, Ruzicka, Veazey & Gans) Baltimore, Md., for Insurance Company.

---

Simon E. Sobeloff, Baltimore, Md., for Rosoff, Ltd.

Thomas N. Biddison, City Solicitor, Edwin Harlan and F. Clifford Hane, Asst. City Sol., Baltimore, Md., for Mayor & City Council of Baltimore.

CHESNUT, District Judge.

The above case presents a question as to the proper application of rule 14(a) of Federal Rules of Civil Procedure as amended in 1946, 28 U.S.C.A.

The plaintiff sued the defendant Insurance Company in the Superior Court of Baltimore City for alleged damage to its house No. 3401 Callaway Avenue, Baltimore, caused by explosions said to have been within the coverage of the defendant's insurance policy issued to the plaintiff. On the ground of diversity of citizenship and requisite amount in controversy the case was removed to this court where, on an ex parte application by the defendant, the Mayor and City Council of Baltimore, and Samuel R. Rosoff, Ltd., were impleaded as third-party defendants under a complaint charging that the explosions, if any, damaging the plaintiff's property were caused by Rosoff in execution of a contract with Baltimore City for the construction of a water tunnel. These third-party defendants have now filed a motion to vacate the ex parte order permitting them to be impleaded.

In support of the motion two contentions are made: (1) that the impleader was not within the authority of rule 14(a); and (2) that if it was, nevertheless as a matter of discretion the order should be vacated.

I think the first point is not well founded. The pertinent part of rule 14(a) reads as follows:

"Before the service of his answer a defendant may move *ex parte* or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is *or may be liable* to him for all or part of the plaintiff's claim against him." Emphasis supplied.

There is diversity of citizenship and requisite amount in controversy between the original defendant and the third-party defendants. The nature of the defendant's claim is that of subrogation, a familiar doctrine of property insurance law. Of course the third-party defendants are not *presently* liable to the original defendant but they *may* become so as a result of the litigation. I think the decided cases have sufficiently established that it is no obstacle to the application of this third-party practice that the liability, if any, of the third-party defendant, can only be established after that of the original defendant and, of course, where subrogation is the basis of the claim, after satisfaction of the plaintiff's claim if and when established. 1948, 3 Moore's Fed.Prac. p. 423; Burris v. American Chicle Co., 2 Cir., 1941, 120 F.2d 218; Illinois v. Maryland Casualty Co., D.C.N.D.Ill.1941, 2 F.R.D. 241; Greenleaf v. Huntingdon, etc., Coal Co., D.C.E.D.Pa. 1942, 3 F.R.D. 24. See also 1938, 1 Moore's Fed.Prac. p. 749. Most of the illustrative cases have involved third-party claims with regard to indemnity or contribution but the application of the rule is not restricted to such particular situations and in my opinion is broad enough to include a claim by subrogation. See Jones v. Waterman S. S. Corp., 3 Cir., 1946, 155 F.2d 992; Corrao v. Waterman S. S. Corp. (Pittston Stevedoring Co.), D.C.E.D.N.Y.1948, 75 F.Supp. 482; 1948, 3 Moore's Fed. Prac. p. 424; Balcoff v. Teagarden, D.C.S.D.N.Y.1940, 36 F.Supp. 224. I consider Baltimore & Ohio R. R. Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481 and Malkin v. Arundel Corp., D.C.1941, 36 F.Supp. 948 and Tullgren v. Jasper, D.C.Md.1939, 27 F.Supp. 413, relied on by the movant, inapplicable to the present situation.

But the second point relied on by the movant is more persuasive. The wording of the rule is not couched in terms that are mandatory but are clearly discretionary. The primary purpose of the Rules (as stated in Rule 1) is that "They shall be construed to secure the just, speedy, and inexpensive determination of every action."

Pursuant to this mandate I think wherever the application of a rule is dis-

cretionary and not clearly mandatory the Judge should apply it or not dependent upon the nature and circumstances of the particular case. In the instant situation there are considerations both pro and con with regard to applying the rule. It is urged by the movant that the rule should not be applied because the theory of liability of the original defendant to the plaintiff is entirely different from that asserted by the original defendant against the third-party defendants. The plaintiff's suit is obviously founded on the contract of the insurance policy and subject to the various provisions and conditions of the policy; while the liability, if any, of the third-party defendants to the original defendant on the theory of subrogation clearly involves an action in tort. Merely this fact of one claim being in contract and the other in tort is not of itself necessarily an obstacle to applying the rule. It is, I think, correctly said in 1948, 3 Moore's Fed.Prac. p. 426 that "It is immaterial that the liability of the third-party rests on a different theory from that underlying plaintiff's claim. Forms of action are of no consequence in the federal courts, and a third-party claim may be based on negligence although the main claim sounds in contract, or vice versa." See also Fruit Growers Co-op. v. Cal. Pie & Baking Co., D.C.E.D.N.Y.1942, 2 F.R.D. 415; Davis v. Associated Indemnity Corp. v. Daniels, D.C.Md.Pa.1944, 56 F.Supp. 541.

However, it is clear enough that the issues between the plaintiff and the original defendant on the insurance policy are different from the issue in the tort subrogation claim. In the latter there is presently a serious dispute between the parties with respect to whether, to establish the subrogation claim, *negligence* of the contract or in using dynamite for the construction of the water tunnel must be shown. Counsel for the Insurance Company contends that there is no such necessity to prove negligence under the Maryland decisions. Scott v. Bay, 3 Md. 431, 443, 445; Green v. T. A. Shoemaker, & Co., 111 Md. 69, 75, 73 A. 688, 23 L.R.A.,N.S., 667; Belt R. R. Co. v. Sattler, 100 Md. 306, 329, 330, 59

A. 654. But this contention is denied by the third-party defendants who say that there is no absolute liability on the City when exercising a necessary governmental function such as the provision for an adequate water supply. Attention is called to a line of Maryland cases including Mayor and City Council of Baltimore v. Himmelfarb, 1937, 172 Md. 628, 192 A. 595; Brehm v. State Roads Comm., 176 Md. 411, 5 A.2d 820, 6 A.2d 378, and Krebs v. State Roads Comm., 160 Md. 584, 588, 154 A. 131, holding that mere incidental partial injury to private property resulting from the exercise of governmental functions does not amount to such a taking as necessarily requires the payment of compensation for private property taken for public uses according to Maryland, and federal, constitutional law. Finally on this point it may correctly be said that a judgment in favor of the plaintiff against the original defendant would not automatically become a judgment by the original defendant against the third-party defendant.

■ The main purpose to be gained by applying the rule is economy of time of the courts, parties and witnesses, and the avoidance of expense and delay involved in trying a case twice where once would suffice. In the instant situation very possibly the issue of the amount of damage and the cause of the damage would be the same both on the plaintiff's claim against the defendant and on the claim of the original defendant against the third-party defendants. But it does not follow, as already observed, that the liability is necessarily the same. It is quite possible to visualize difficult questions of evidence with respect to admissibility on the claim of the plaintiff against the defendant on the one hand, and the subrogation claim on the other. Then again the number of witnesses to be examined on the issue as to the liability under the contract may be more or less, but probably less, than on the tort claim. It seems probable that the length of the trial would be very substantially increased if an effort is made to try the two issues before the same jury. And the possible difficulties with regard to the ad-

missibility of evidence might very likely result in an appeal which could have been avoided if the cases were separately tried. It is true that the court would have the power to order separate trials of the two cases, one in contract and the other in tort, even though the motion to vacate the order for the impleader is overruled. But as the principal reason for allowing the impleader was the saving of time and expenses, there seems to be no good reason for keeping the impleaded third-party defendants in the particular case unless one trial would be sufficient for both issues. It is suggested by defendants' counsel that there could be but one trial for all the issues that would be common to both the contract and the tort case, leaving a separate trial before a different jury for any remaining issues with respect to the liability in the tort case not concluded by the determination of the claim sounding in contract. But I am not persuaded that this fragmentary trial of the tort claim would be satisfactory.

 In weighing the different considerations, the interests of the plaintiff ought not to be overlooked. Certainly there would be some delay in concluding the plaintiff's case against the defendant if the subrogation case is tried at the same time. To what extent this would entail further expense upon the plaintiff is not presently certain but it is a factor worthy of consideration. On the whole, it is my view that while there would doubtless be some practical advantage to the original defendant in trying the tort case along with the contract one, there are also disadvantages to the other parties to the case in adopting that course. I conclude, therefore, that while there is power under the Rule 14(a) to allow this impleader of the third-party defendants, the ex parte order heretofore allowing it should be vacated in the exercise of sound discretion. I understand that in a practically identical case pending in the Superior Court of Baltimore City a similar conclusion was reached by Chief Judge Smith, but without written opinion.

Counsel may submit the appropriate order granting the pending motion to vacate the prior ex parte order.