## Globe Electric Repair Co. v. Eagle Indemnity Co.

Before Musmanno, Montgomery and Weiss, JJ.

*J. Alfred Wilner*, for plaintiff.

*Samuel W. Pringle* and *Dalzell, McFall, Pringle & Bredin*, for defendant.

*Wilner & Wilner*, for additional defendant.

WEISS, J., February 26, 1951.—On January 27, 1949, plaintiff entered his action of assumpsit against defendant at the above number and term for the sum of $18,721, representing the fair and reasonable price for the repair and rewinding of the rotor and stator of a generator belonging to the Borough of Sharpsburg. The complaint filed by plaintiff averred that the repair and rewinding of the generator parts were done at the request of defendant, acting through its agent, servant and employe.

On March 10, 1949, defendant filed its answer to plaintiff's complaint wherein it denied that the rotor and stator were repaired and rewound at its request, and averred that the repairs and rewinding were done at the request of the Borough of Sharpsburg.

Subsequently, after the case had been placed at issue, defendant filed its complaint to join an additional defendant, in which it named the Borough of Sharpsburg as being alone liable to plaintiff, or liable over to defendant for all the amount claimed in the complaint in excess of the sum of $5,140.30.

To this complaint to join the Borough of Sharpsburg as an additional defendant, the borough filed its answer preliminarily objecting to its joinder as an additional defendant. The matter was placed upon the argument list and now comes for disposition before this court en banc.

## Question Involved

Is the joinder of the Borough of Sharpsburg, a municipal corporation, proper in this case?

## Argument

As the statement of facts presented in this case reveals, there are before this court averments of two separate and distinct contracts, as well as a third which defines the undertakings of the original defendant to the Borough of Sharpsburg.

The first agreement is that asserted in the original complaint filed by plaintiff. This contract arose from the employment of plaintiff by the Eagle Indemnity Company to make repairs upon the rotor and stator of a generator belonging to the Borough of Sharpsburg. Plaintiff was directed to make the repairs by an agent of original defendant, acting within the scope of his employment.

Original defendant, by its answer, denied that such a contract came into being, and averred that, on the contrary, the repairs made upon the generator parts were done at the direction of the Borough of Sharpsburg, acting through its council and agents. This asserted contract, then, between plaintiff and additional defendant, constitutes the second agreement before the court on this argument.

Finally, in its complaint to join an additional defendant, after once more asserting the alleged contract between plaintiff and the borough, original defendant disclosed a third contract, the contract of insurance between the Eagle Indemnity Company and the Borough of Sharpsburg, under which the indemnity company was obliged ". . . to pay the Assured (the Borough) for loss on the property (the generator) of the Assured directly damaged by such accident (or, if the Company so elects, to repair or replace such damaged property), . . ." and under which the indemnity com-

pany, having elected to repair or replace the damaged property, acted in its dealings with plaintiff.

Having quoted the relationship of the parties under the various contracts, it is important to observe once again that the assertions of original defendant, the Eagle Indemnity Company, by its answer, denied the existence of the first contract, that asserted by plaintiff. That denial naturally raises a distinct justiciable issue: Did the indemnity company direct plaintiff to repair the generator parts?

Rather than meet this issue on its merits, original defendant has attempted to place contractual responsibility for the repairs upon its indemnitee and thus, in a single lawsuit, to escape its liability to plaintiff and also to escape its liability to the borough. In effect the indemnity company wants to pass the buck to the borough and to avoid any responsibility whatsoever.

The Borough of Sharpsburg here contends that this cannot be done under our Rules of Civil Procedure; that, in an action upon a contract, defendant cannot assert, in joining an additional defendant, an entirely separate and distinct contract; that an attempted joinder in such a case is ineffective, and that the complaint to join the borough as an additional defendant should accordingly be dismissed.

It is clearly established law that an insurer of property who has elected to repair or replace the property is alone responsible for the cost of repairs or replacements.

In the leading case of Fire Association v. Rosenthal, 108 Pa. 474, 478 (1885), the Supreme Court held that:

"When an insurer elects to repair under a clause in the policy giving that right, the conditions of the contract which before were alternate, are thereby resolved into an absolute agreement. It must be assumed that the election was made in view of all such matters, as in the law or otherwise may affect the transaction, and

the principles of law incident to the alternative chosen are alone applicable. The amount of the loss ceases to be a question; there can be no inquiry as to that. The original contract, by virtue of the election, is a contract to rebuild, and the rights and responsibilities of the parties are to be measured accordingly."

Relying upon that case, the Supreme Court in Keystone Paper Mills Co. v. Pennsylvania Fire Ins. Co. et al., 291 Pa. 119, 125-126 (1927) stated:

"The insurer in attempting repairs agrees to rebuild, and the rights and responsibilities are to be measured accordingly; any resulting damages are based on the contract to rebuild or repair. This may be more or less than the total insurance: Fire Association v. Rosenthal, 108 Pa. 474."

Such an election once made, is irrevocable, and, where made by an agent having authority to adjust claims, is just as final as if made by the home office, and cannot be revoked: Siegel v. Ohio Millers' Mut. Fire Ins. Company, 29 F. (2d) 988, 993 (1928); 46 C.J.S. 132-35, Insurance, 1195.

It is this kind of contract that plaintiff in this case has averred—one under which defendant assumed the responsibility, through its agent, of repairing the generator covered by the policy. The contract was assumed at the election of the indemnity company, and it involved an undertaking to plaintiff to pay for the repairs, and to the borough to see that the repairs were properly made.

In such a situation, the borough was not free to disturb the undertaking between the indemnity company and plaintiff. The indemnity company had assumed control of the repairs, and relegated the borough to its right to sue the indemnity company if the repairs were not properly done. See Fire Association v. Rosenthal; Keystone Paper Mills v. Pennsylvania Fire Insurance Co., and Siegel v. Ohio Millers' Mutual Fire

Insurance Co., all supra, and Councill v. Sun Insurance Office of London, 146 Md. 137, 126 Atl. 229 (1924), where the insurer's liability to the repairman of an insured automobile was at issue on facts very like those in this case.

Thus the borough, under the indemnity company's election to repair and assumption to control in the contract alleged by plaintiff, was in no way liable over to the indemnity company, and, if it be urged that it was solely liable to plaintiff must be regarded as being liable under a separate and distinct contract, which is, in effect, what the indemnity company avers. That liability, if it exists, cannot be made the subject of trial in this proceeding, as will appear from subsequent discussion of authorities.

We are in unanimous accord that the joinder of the Borough of Sharpsburg as an additional defendant is improper because Rule of Civil Procedure 2252(a) permits such joinder only where the liability asserted against the party sought to be joined must arise out of the cause of action declared upon.

As the preceding discussion has shown, the indemnity company's liability to plaintiff in this action has been averred to arise from a contract which its agent made with plaintiff; by way of avoidance the indemnity company seeks to join liability upon the Borough of Sharpsburg under an entirely different, separate and distinct contract or cause of action.

It should be acknowledged at the outset of any discussion of rule 2252(a) that respectable authority has urged that procedural rules be so drawn as to allow great breadth in the interpretation of the terms "cause of action".

And it must be conceded that liberality in joinder of parties found favor with the framers of the Federal Rules of Civil Procedure, so that it was possible to join a party to an assumpsit action on an assertion of

liability in tort under rule 14 of the Federal rules prior to its amendment effective March 19, 1948 (Kravas v. Great Atlantic & Pacific Tea Co., 28 F. Supp. 66 (D. C., W. D. Pa., 1939); Davis v. Associated Indemnity Corp., 56 F. Supp. 541 (D. C., M.D. Pa., 1944)), as it was possible to join as a third party defendant (additional defendant) a party who has no contractual relationship with original defendant (Davis v. Associated Indemnity Corp., supra.) For other cases illustrating the breadth of Federal Rule 14 before its amendment, see also Watkins v. B. & O. R. Co., 29 F. Supp. 700 (D. C., W. D. Pa. 1939) and Burris v. American Chicle Co., 29 F. Supp. 773 (1939). All of the above cases were decided prior to the amendment of rule 14. In this regard, it is instructive to note that the Federal rule, prior to its amendment, permitted joinder as a third party (additional) defendant.

". . . a person not a party to the action who is or may be liable to him (the original defendant) or to the plaintiff for all or part of the plaintiff's claim against him."

The language just quoted is manifestly broader than the wording of our Pennsylvania Rule 2252(a). That rule provides as follows:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

It is significant that Federal Rule 14 was narrowed by the amendment effective March 19, 1948, so that it now limits joinder as a third party additional defendant to "a person not a party to the action who is or may be liable to him (the original defendant) for all or part of the plaintiff's claim against him": Federal Rule of Civil Procedure 14, 28 U. S. C. 539.

The interpretation and operation of rule 2252(a) have been before the courts of the Commonwealth several times, and it has been consistently regarded as preserving, insofar as concerns the restriction to "the cause of action declared upon", the prior practice under the original Act of April 10, 1929, P. L. 479, which is replaced. See Volta v. Markovitz Brothers, Inc., et al., 351 Pa. 243, 245 (1945), and Land Title Bank & Trust Co. v. Cheltenham National Bank, 362 Pa. 30, 41-42 (1949), and the earlier cases of Jones et al. v. Wohlgemuth, 313 Pa. 388 (1934), Murray v. Pittsburgh Athletic Co., 324 Pa. 486 (1936), and Dively v. Penn-Pittsburgh Corp. et al., 332 Pa. 65 (1938). The difference between our Pennsylvania Rule and Federal Rule 14 prior to its amendment was pointed out in Kravas v. Great Atlantic & Pacific Tea Co., 28 F. Supp. 700.

The problem of joinder of a party alleged to be liable to plaintiff on a separate cause of action has been before the lower courts of the Commonwealth twice and both times the courts held that the joinder was improper, and dismissed additional defendant on preliminary objections.

In Coulter v. McHenry, 62 D. & C. 637 (1947), the Court of Common Pleas of Luzerne County (Lewis, J.) held that the attempted joinder of the owner of property on a claim for commission owing original defendant was improper in an action by prospective purchaser against a real estate agent for his down payment, where the transaction involved was never completed. In that case the court stated (62 D. & C. at page 639) ; after quoting the rule with emphasis upon the "cause of action" restriction:

"In the instant suit, defendant R. G. McHenry, is endeavoring to go beyond the provisions of the rule and attempts to set up an action in assumpsit against additional defendant, Rena B. Rhoades, for the purpose

of collecting in this action an alleged claim which said defendant, McHenry, has against the said Rena B. Rhoades, additional defendant.

"We feel that this action is procedurally improper in the light of our rules of civil procedure and the interpretations of them."

In Moore v. Brady et al., 60 D. & C. 263 (1947), the Court of Common Pleas of Lancaster County came to a similar conclusion. In that case plaintiff sued in assumpsit a garage keeper for damages to plaintiff's automobile, caused by the employe of defendant who drove it on the highway and collided with additional defendant's truck. Additional defendant was sought to be joined on the ground that he alone, or jointly, was liable to plaintiff. The court held that the joinder was improper, stating (60 D. & C. 265-66) :

"Both the Scire Facias Act and Rule 2252 of the Pennsylvania Rules of Civil Procedure restrict the joinder to the cause of action declared upon by plaintiff. In the instant case plaintiff's complaint or cause of action sets forth the breach of an implied contract between plaintiff and original defendant.

"There is no allegation of negligence therein. The breach declared by plaintiff is the use of plaintiff's automobile while in the custody of defendant without the knowledge or consent of plaintiff.

"The form of the action by itself is not controlling . . .

"Regardless of the form of the action it is evident that the cause of action set forth in plaintiff's complaint sounds in contract, whereas, the joinder of additional defendant at the instance of original defendant is based upon negligence or a *tort*.

"Accordingly, the court finds that there has been a misjoinder of a cause of action and that it is a proper ground for preliminary objections under Rule 1017 (b) (5) of the Pennsylvania Rules of Civil Procedure."

The Supreme Court recognized the necessity of restricting joinder to the cause of action declared upon in Land Title Bank & Trust Company v. Cheltenham National Bank et al., 362 Pa. 30 (1949), where defendant, a bank which paid out money to a forger, was sued on the forged instruments. Defendant sought to join as additional defendant notaries public who acknowledged one of the instruments, and sureties on the notaries' bonds. The court set aside the joinder, stating (362 Pa. at page 41) :

"The rule in question (Rule 2252 (a)) like the original Act of April 10, 1929, P. L. 479, which it replaced, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit; the cause of action as to which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant: [citations omitted] . . ."

### Conclusion

In this case, as in the case just quoted from, the cause of action relied on by original defendant for joining additional defendant is a separate and distinct one from that declared upon by plaintiff. The contract averred by plaintiff is such a one as to give rise to a single and distinct liability—that of an insurer who has elected to repair and so assumes full responsibility for rebuilding the insured article. The alleged contract between plaintiff and the borough is not only separate, distinct and unrelated to that declared upon: it is also totally inconsistent with the cause of action declared upon. We do not believe the joinder of the borough of Sharpsburg proper in this case.

The preliminary objections are hereby sustained.